## CAMPBELL & WEBB v. WOODCOCK.

1. A commission to take the deposition of a witness, issued " to George W. Sneed, or any justice of the peace of Lauderdale county," &c. and was executed by " Joseph Bigger," who certifies that he is a justice of the peace of that county— *Held* that it was good as an authority to Sneed, but did not authorize any one else to take the deposition of the witness.

This cause comes up by writ of error from the Circuit Court of Mobile. The plaintiffs in error declared against the defendant in *assumpsit*, to recover the amount of a promissory note, as also for goods, wares and merchandise, sold and delivered &c. The cause was tried by a jury as on an issue, although there is no plea shewn by the record.

On the trial, the plaintiff excepted to a decision of the presiding judge, which excluded from the jury a deposition taken at their instance. The objection to the deposition was, that it was not taken by a commissioner duly appointed for that purpose. The commission is addressed as follows " To George W. Sneed, or any justice of the peace of Lauderdale county, &c." and was executed by " Joseph Bigger" who certifies that he was a justice of the peace of that county.

CAMPBELL, for the plaintiff in error.
STEWART, for the defendant.

COLLIER, C. J.—The deposition which was excluded at the trial, was attempted to be taken under the fourth section of the act of December, 1837—"To regulate the compensation of witnesses in civil cases, and for other purposes," [Pamphlet Acts, 1837, p. 26.] That section provides that " when any witness, whose evidence may be wanted in any cause depending in either the Circuit or County Court of any county of this State, shall live more than one hundred miles from the place where the Court may be held, in which such cause may be pending, the party desiring the benefit of the evidence of such witness, shall be permitted, and is hereby au-

6

thorized to take the same by deposition, in the manner now provided by law, for taking the evidence of non-resident, witnesses, &c.

The act of 1807 [Aik. Dig. 126.] directs that upon an affidavit being made of the materiality and non-residence of a witness in a cause, the Clerk of the Court in which the same is pending, shall issue a commission to one or more persons, to take and receive the deposition of such witness.

The commission, which issued in the present case, was certainly good as an authority to Sneed to whom it is addressed by name, but cannot, we think, be held to authorize " any justice of the peace," to execute it. Our statutes in regard to taking testimony by deposition, in cases at law, provide for taking evidence in a manner unknown to the common law ; and a party who would avail himself of them, must (at least substantially) follow their directions. He must cause a commission to issue to " one or more persons" to take and receive the evidence of the witness proposed to be examined. It has been held, that if a commission be sent forth in *blank*, it issues to *no person*, and does not satisfy the requirements of the law ; and though a clerk give his consent to a person receiving it to fill *all blanks*, this will not legalize it ; for the authority of the clerk extends not beyond the time when it leaves his hands. [Worsham v. Goar, 4 Porter's Rep. 441.]

One of the objects of the act in requiring the names of the person or persons, who are to take the deposition, to be set out in the commission, was doubtless to advise the opposite party by whom the examination was to be superintended. At least it is important that this information be afforded by the commission, as it may determine the course of action to be pursued by him. He can then the more readily ascertain, whether it will be necessary for him to attend the examination of the witness in person, or by attorney, by acquainting himself with the characters of the commissioners. If they are men of integrity and intelligence, he may be willing to confide in their prudence and judgment, while, if it is uncertain whether they possess these qualifications, he may deem it safer to take measures to insure a full and impartial examination.

But where a commission issues to all or any of the justices of the peace of a county, it is entirely uncertain who may execute it; and perhaps the only means of ascertaining, will be to attend at the time and place appointed for its execution. The party against whom the witness is to be examined, may be willing to intrust the examination to some of the justices of the peace, while he may esteem others as wholly undeserving of confidence. Besides it would impose no small labor upon a party to learn who fills that office, in a populous county, three hundred miles distant from the Court, in which he is sued. These inconveniences are sufficient to shew that so wide a departure from the terms of the statute, as has been practiced in the case before us cannot be tolerated; and that consequently the judgment must be affirmed.