Collins v. Fowler.

## COLLINS v. FOWLER.

1. A deposition cannot be read which the Commissioner certified was taken on the second day of November, the commission requiring it to be taken on the first day of November. Nor will the defect be aided by the proof of a witness that he received the deposition on the first day of November, but did not know when it was taken.
2. The reasonableness of the charge of a physician cannot be established by a witness proving what the same physician had charged him in a similar case.

ERROR to the Circuit Court of Dallas.

Assumpsit by the defendant against the plaintiff in error.

On the trial it appeared that the action was brought by the defendant for services rendered to the daughter-in-law of the plaintiff, at her request.

The plaintiff offered the deposition of a witness, which pro-

ved that he resided in the family of Dr. Fowler, and that a note bearing the signature of the defendant was brought by one of her servants, desiring Dr. Fowler to attend Mrs. Collins, her daughter-in-law, who was sick at her house. That the Doctor was then from home, but on his return the note was handed to him, and the witness and Dr. Fowler went to the house of Mrs. Collins, to see the patient, when Mrs. Collins stated that she had written a note the day previous desiring his attendance. Appended to the deposition was a note purporting to be signed by Mrs. Collins, of the tenor above stated.

Another witness proved the note to be in the hand-writing of Mrs. Collins.

The defendants counsel objected to so much of the deposition as related to the note attached to the deposition, but the Court overruled the objection.

The plaintiff also offered to read the deposition of another witness, appended to which was a notice in writing, that the deposition would be taken at a place designated, on the first day of November—the certificate of the commissioner stated that it was taken on the *second* day of November. A witness stated that he received the deposition from the commissioner on the first day of November, but did not know when it was taken. The defendant objected to the reading of the deposition to the jury, but the Court overruled the objection and it was read to the jury.

A witness was also introduced, who proved the plaintiff's rate of charging for professional services rendered to him, but did not know what he charged others. This was also objected to by the defendant—but the objection overruled.

The plaintiff obtained a verdict and judgment, from which this writ is prosecuted. The errors assigned are the matters of law arising on the bill of exceptions.

EDWARDS, for the plaintiff in error.

R. SAFFOLD, contra.

ORMOND, J.—We are of opinion that the jury might have inferred, that the letter appended to the deposition was the one spoken of by the witness. The question, however, is entirely unimportant, as the same fact was proved not only by the ad-

mission of the defendant, but by proof that the note was in her hand-writing.

The certificate of a commissioner authorized to take a deposition, setting forth the time and place and circumstances under which it is taken, is *prima facie* evidence of the facts therein stated.

. The certificate in this case showed that the deposition was not taken on the day the opposite party was notified to appear, and as she did not attend and cross examine, there was no authority for reading it as evidence. To surmount this objection a witness was introduced who proved that he received the deposition from the commissioner on the *first* day of November, but did not know when the deposition was in fact taken.

This testimony shows that it was not taken on the *second* of November, but it does not prove that it was taken on the first. There was therefore no proof when it was taken, and for that cause it should have been rejected.

There was also error in permitting the witness, Soles, to testify to the charges for professional services made by the plaintiff against him. The object was doubtless to show that the charge made in this case, was what was usual and customary for physicians to charge for services in like cases. But this could not be established by proving what the plaintiff had charged another person, as the question would still return, whether that charge was reasonable, and according to the usage and practice of physicians in the neighborhood.

The judgment must therefore be reversed and the cause remanded.