## KIRK, ET AL. V. SUTTLE.

1. Where the plaintiff demurs to the defendant's plea, and submits his case to the jury, who return a verdict against him, he cannot object, in an appellate court that this was no judgment on his demurrer, or that it should have been sustained.

2. A commission to take a deposition was addressed to Thomas N. *Barnham* and William Carr, or either of them, it was executed by a person who signed his name Thomas N. *Barham:* *Held,* that the name being dissimilar, it could not be intended that the person certifying the deposition was one of those to whom the commission was addressed.

3. In an action against the sheriff, for levying an execution on property which belonged to a third person, *C.* was offered as a witness for the defendant, who stated that he was a stockholder in a banking company; that N. it was proved, was the *reputed* agent of the company, and had given an indemnifying bond to save the sheriff harmless for levying on and selling the property in question: *Held,* that the proof of N's agency was sufficient as applied to the present case, and that C. was a competent witness for the defendant.

4. Where the defendant pleaded several pleas, all of which were good, and the jury returned a general verdict in his favor, the plaintiff cannot object on error, that the court refused to charge the jury, that if they found for the defendant they should state to which of the pleas their finding applied.

WRIT of error to the Circuit Court of Bibb.

This was an action of trespass at the suit of the plaintiff in error, against the defendant, for taking and carrying away a female slave named Amy, four mules, two horses, one wagon and one barouch, alleged to be the property of the plaintiffs. The cause was tried on the plea of not guilty, to the entire declaration, and two special pleas of justification, as to all the property in question, save the mules, under writs of *fieri facias*, against the goods and chattels, &c. of William Kirk, which were placed in the hands of the defendant, as the sheriff of Bibb county, to execute. A verdict was returned for the defendant, and judgment thereon rendered.

On the trial, the plaintiffs excepted to the ruling of the presiding judge. It appears from the bill of exceptions, that the plaintiffs offered as evidence, several depositions taken in the State of Mississippi; the defendant objected to their admission, on the ground that they were taken by Thomas N. Barham, under a commission addressed to Thomas N. Barnham and William Carr, or either of them; the objection was sustained by the court, and the depositions excluded.

The defendant offered as a witness, James Cave, but the plaintiffs objected to his examination, on the ground that he was interested in the result of the suit; the witness being examined on his *voir dire*, stated that he did not know that he was interested, but said he was a stockholder in the Real Estate Banking Company of South Alabama. It was then shown, that Robert R. Nance had given an indemnifying bond to the defendant as sheriff, to save him harmless for levying on the property, for the seizure and sale of which, this action was brought; that a part of the proceeds of what had been sold, had been applied to a judgment in Nance's favor, and that Nance was the reputed agent of the Real Estate Banking Company. The court adjudged that Cave was a competent witness, but the facts recited mitght go to the jury to impeach his credibility.

The plaintiff's counsel then prayed the court to charge the ju-

ry, that if they should find for the defendants, they should render a special verdict, stating under which of the defendant's pleas they found their verdict, which charge was refused by the court.

The plaintiffs here assign for error the questions arising upon the bill of exceptions; and further, that there was a demurrer to the third plea, which does not appear to have been disposed of by the circuit court.

E. W. PECK, for the plaintiffs in error.

C. G. EDWARDS, for the defendant.

COLLIER, C. J.—1. In respect to the demurrer to the third plea, that "will be considered as waived, and the parties under-stood to have gone to trial, without requiring an issue to be made up." [1 Ala. Rep. 155, N. S.]

2. The commission to take a deposition, is the warrant by which the persons to whom it is addressed are authorised to exa-mine the witness, and to make the testimony admissible, it should be taken and certified by the commissioners specially designated, and at the time appointed for the purpose. [Worsham v. Goar, 4 Porter's Rep. 441.] In Campbell & Webb v. Woodcock, 2 Ala. Rep. 41, it was held that a commission addressed to S. or any justice of the peace of L. county, &c. did not authorise any one but S. to take the deposition. [Collins v. Fowler, [4 Ala. Rep. 647. See also, 3 Wash. C. C. Rep. 404; 4 id. 215-9.]

In the present case, the commission is an authority to Barnham and Carr, or either of them, but it is executed by Barham alone. This latter name is very different from that of either of the com-missioners, and it cannot be assumed that he is the same person as Barnham, merely from the fact, that he has the same christian name. Whether it would be competent to prove their identity by extrinsic proof, is a question not presented for our decision; in the posture in which the question comes up, we are satisfied that the depositions were rightly excluded.

3. The evidence of Cave's interest, was not such as authorised his rejection as a witness. Although he was a stockholder in the Real Estate Banking Company, there is no sufficient proof that Nance was the agent of that association. It was not shown that he acted in that character, but merely that he was *reputed* to be its agent. This is a fact which, if it existed, should have

been proved by evidence more satisfactory than reputation, in the usual acceptation of that term. But if the fact of agency had been established, the proof that the Banking Company was interested in the result of this suit, is altogether insufficient; for it by no means follows that the principal is necessarily interested in every judgment recovered by the agent in his own name. This would be to maintain, that by taking upon one's-self the character of agent, he is incapable of dealing upon his own account, and relinquishes to the principal all judgments and other claims which may be in his favor, or stand in his name.

4. It is unnecessary to consider whether the charge prayed by the plaintiff's counsel, should have been given or not. Its refusal did not injuriously affect them; for if the jury did not believe the pleas of justification to be true, they must have been satisfied that the plaintiffs failed to make out their entire case. And whether the justifications were sustained by the defendant or not, the plaintiffs certainly failed to prove the trespass as to the mules.— This is all shown from the state of the pleadings—the general issue negativing the cause of action *in toto.*

The pleas are all well pleaded, and if demurred to, would be adjudged good. There is then no reason perceivable why the plaintiffs should be allowed to object, that the charge asked for, was not given. The judgment of the circuit court must be affirmed.