## EASTLAND vs. SPARKS.

1. When the record shows that defendant demurred to plaintiff's declaration, and it does not appear that any action was had on the demurrer, the Appellate Court will presume that it was overruled before the issue of fact was submitted to the jury.

2. And when no pleas appear in the record, but the judgment entry recites the appearance of the parties and the verdict of the jury, the Appellate Court will presume that a proper issue was formed.

3. When the rent reserved is to be paid in specific articles, and the contract of lease does not fix their value, nor furnish a rule by which it may be ascertained by mere calculation, no recovery can be had on the common counts in *assumpsit*.

ERROR to the Circuit Court of Pickens.

Tried before the Hon. TURNER REAVIS.

The plaintiff commenced his suit in the court below, by suing out a writ of attachment against the defendant, for the recovery of one hundred and five dollars for the use and oc-

cupation of certain lands for the year 1850. The ground laid for the attachment is, that the tenants are removing the crop from the rented premises, without having paid the rent.

The declaration contains but one count, which, although it is not very formal, is, substantially, *indebitatus assumpsit*, for the use and occupation of the lands averred to be rented by the plaintiff to the defendant.

On the trial, the plaintiff proved that he purchased the lands occupied by the defendant at sheriff's sale, under an execution against one Lewis A. Ragsdale, on the 2d of July, 1849, and produced a written contract, by which he agrees to reconvey said lands to said Ragsdale on the payment of $1188 $\frac{74}{100}$, on the 1st of March, 1852, with interest at the rate of eight per cent. per annum, payable on the 1st March, 1850, '51 and '52. He also proved that Ragsdale failed to pay the interest due on the 1st of March, 1850; that in the latter part of the summer of that year, and before the crop was gathered, he gave the defendant notice, and claimed the rent; that defendant offered him one bale of cotton, which he refused, and claimed one-fourth of the cotton raised on the land. He also proved that said Ragsdale had notice that plaintiff claimed the rent of defendant, and made no objection to such claim; and that said Ragsdale had abandoned his contract for the purchase of the land, as well as the possession, after making the lease to Sparks, but was in possession under his purchase when the lease was made.

The defendants gave in evidence a contract of lease for the same, made between Ragsdale and Bird Sparks, one of the defendants, dated 9th March, 1850, by which it is agreed, "that said Sparks shall cultivate near sixty acres of land formerly owned by David Turnipseed, in a competent manner, during the present year, and gather and save the crop in a proper manner, and in good order, and give said Ragsdale or order one-fourth of all the cotton, and one-third of all the corn raised; and said Sparks shall take good care of the houses, farm, fences, and every other thing connected with or about said houses, and to put good and lawful fences around the lands he cultivates, whenever the present fences need repairing, or where a fence may be necessarily required; for which the said Ragsdale obligates himself to allow said

Sparks a fair compensation for putting up said fences; and should the parties aforesaid not agree as to the value of the work, it shall be left to respectable citizens, one to be chosen by each of the parties, and the third by the two selected."

This was the substance of all the proof in the case, and the court charged the jury, that it was insufficient to authorize the plaintiff to recover. To which charge the plaintiff excepted, and here assigns it for error.

E. W. Peck, for plaintiff in error.

Bliss, contra.

LIGON, J.—The record shows, that the defendant demurred generally to the plaintiff's declaration in the court below, but it does not appear that any action was had on the demurrer in that court. The rule in such cases is, that the Appellate Court will presume that the demurrer was overruled, before the issue of fact was submitted to the jury. Kirk et al. v. Suttle, 6 Ala. 679.

Neither does it appear that a plea was filed; but when the judgment entry shows, as it does in this case, that the parties appeared, and there is a finding by the jury, this court will presume it was on a proper issue, although no plea appears on the record. Lucas v. Hitchcock, 2 Ala. Rep. 287.

The declaration in this case is in *indebitatus assumpsit*, for the use and occupation of lands against both the defendants; and the proof shows a special contract of lease between Ragsdale and Bird Sparks only, by which the rent reserved is to be paid in specific articles, and is subject to abatement to the value of certain improvements to be made by the tenant. · The agreement does not fix the value of the articles in which the rent is to be paid, nor does it furnish a rule by which damages for a breach of it may be measured, or ascertained by a mere calculation. This being the case, no recovery can be had on it in the present action; for we have repeatedly held, that where there is a special agreement to pay in specific articles, and the contract itself does not fix their value, or furnish a rule by which it may be ascertained by a mere calculation, no recovery can be had on the common counts in *assumpsit*. Oswald v. Godbold, 20 Ala. Rep. 811;

Snedicor v. Leachman, 10 Ala. Rep. 330; Sprague v. Morgan, 7 Ala. Rep. 952; Aikin v. Bloodgood, 11 Ala. Rep. 221.

There is no error in the charge of the court, and the judgment is consequently affirmed.