## MARRIOTT & HARDESTY *vs.* LEWIS.

1. Plaintiffs in attachment having assigned for error the several rulings of the court shown by the bill of exceptions in the admission and exclusion of evidence on the trial, while the judgment entry (only reciting that the garnishee answered orally denying all indebtedness to the defendant in attachment, and that it was therefore ordered by the court that he be discharged) excluded the idea that there was any trial, or that the garnishee's answer was even controverted, *the judgment was affirmed, and the rulings of the court set out in the bill of exceptions were not considered.*

APPEAL from the Circuit Court of Lawrence.

Tried before the Hon. GEO. D. SHORTRIDGE.

WATTS, JUDGE & JACKSON, and R. O. PICKETT, for the appellants.

ELMORE & YANCEY, *contra*.

LIGON, J.—We have held, that to sustain the regularity of a judgment of the Circuit Court, when it appears by the minute entry that an issue was tried by the jury, we will presume that a proper issue was presented for their consideration, notwithstanding no pleas or issue whatever appears in the record.—Eastland v. Sparks, 22 Ala. 607 ; Lucas v. Hitchcock, 2 *ib.* 287.   But we apprehend that when the record shows no issue, and no finding by the jury, or, as in this case, furnishes no evidence whatever that a jury ever was empannelled to try the cause in the court below, no such intendment will be indulged.   The party complaining of error must show its existence, and this court will presume nothing against the regularity of the judgments in Circuit Courts.

When these rules are applied to the record in this case, we are compelled to affirm the judgment of the court below.— The bill of exceptions sets out several rulings of the court below, predicated upon objections made to the admission and exclusion of testimony on the trial of the case ; when the minute entries of that court exclude the idea that any issue was ever made up between the parties, or that any trial was ever had before a jury.   There is no finding of the jury, and no judgment on such finding.   Neither does it appear that an issue was made between the parties, and by consent the court was substituted for the jury.   Indeed, it does not appear that the case in the court below was ever in such a condition as to authorize either party to introduce any proof, or to justify the court in hearing evidence.

The proceeding was by garnishment, and the judgment entry recites, that " the plaintiffs came by attorney, and the garnishee in proper person, and said garnishee answers, in open court, orally, and denies that he has any sum or sums of money, goods and chattels, or *choses* in action, in his hands, subject to the plaintiffs' garnishment."   The judgment immediately follows, and is in these words : " It is therefore ordered by the court, that said garnishee be discharged, and recover his costs," &c.   There does not appear anything to jus-

tify the conclusion that the truth of the answer was called in question by the plaintiffs below, or that any application was made by them for a jury for any purpose; and certainly the law does not require their intervention before the court can order the discharge of the garnishee on the answer found in this record, when it is undisputed by the plaintiffs.

There is a bill of exceptions in the record, signed by the presiding judge, which states, that on the trial of the cause the garnishee offered to read a certain deed *"to the jury,"* which was objected to, but the objection was overruled, and the plaintiffs excepted. We cannot, however, presume from this, (and it is the only mention or trace of a jury in the whole record,) that there was in fact an issue, and a verdict of a jury thereupon, especially as the balance of the record is of a character which forbids this presumption, and the judgment on which the appeal is prosecuted is utterly repugnant to it. That judgment which we have already set out is the act of the court, without being predicated on the verdict of a jury.

Amidst this confusion in the record, it is difficult even to conjecture what real necessity there was for the evidence to which exception was taken, or indeed for any testimony.— The truth of the answer of the garnishee was not called in question, or disputed ; no issue was made on it under the statute, (Clay's Dig. 60, § 25,) and until this is done the answer must be taken as true, and no evidence can be received to contradict it. It may be, the testimony was ruled out by the court for this reason, and the deed allowed to be read only as an exhibit to the answer of the garnishee. It is certain, that neither the bill of exceptions, nor the other parts of the record, show enough to put the court below in error.— This the appellant must show, or this court will not reverse.

Let the judgment be affirmed.