COVINGTON COUNTY vs. KINNEY.

[ACTION AGAINST COUNTY FOR DAMAGES CAUSED BY FALL OF BRIDGE ALLEGED TO HAVE BEEN CONSTRUCTED BY CONTRACT WITH COMMISSIONERS' COURT.]

1. *County ; how subject to be sued.*—The county is a corporation, subject to be sued as an individual is, under the law of its charter, for such liabilities as are specially imposed upon it.

2. *Same ; duty of as to public roads or bridges.*—There is no general law of this State requiring counties of the State to keep the public roads, or bridges on the public roads, in safe repair, and this is not a duty incident to the authority granted in the charter of their incorporation.

3. *Same ; when liable for injuries caused by fall of bridge.*—The county is only liable for injuries occurring from an unsafe bridge, when it is a bridge erected by contract with the county commissioners before the adoption of the Code, or a toll bridge erected since, under the provisions of the Code. A bridge erected by the citizens on a public road, and not under a contract with the commissioners court, is not such a bridge as the county is bound to keep in repair under the Code.—Rev. Code, § 1396.

4. *Demurrer ; when will be presumed to have been withdrawn.*—A demurrer which is not shown by the record to have been disposed of by the court, will be presumed to have been withdrawn by the party pleading it.

APPEAL from Circuit Court of Crenshaw.
Tried before Hon. P. O. HARPER.

The complaint in this case was as follows :

"Plaintiff claims of the defendant four hundred and seventy-five dollars, as damages for injuries sustained by

him, in the loss of his property, by the falling in of a bridge which had been constructed by contract with the court of county commissioners of said county, known as Conecuh river [bridge], on the public highway in said county from Elba to Greenville, the said court of county commissioners having failed to take a guaranty by bond from the builders of said bridge, that it should continue safe for the passage of travelers or other persons for the period of — years; and said bridge was allowed to stand in a neglected, unsafe condition, untill the 11th day of February, 1866, when, as plaintiff's wagon and team were passing over it, said bridge fell in, and killed one ox and injured his wagon, harness, two mules, and destroyed merchandise, goods and chattels, the property of plaintiff, and damaging him in the sum of four hundred and seventy-five dollars, for which damage plaintiff applied in the terms of the statute to the court of county commissioners for payment, but being by said court refused, he brings this action, and demands of said county his damages as aforesaid, together with interest thereon, which demand was regularly presented to the commissioners court of the county of Covington, within twelve months after the damage was sustained, and the payment of the same was refused by said court.

"Also, the like sum of four hundred and seventy-five dollars for damages sustained by the loss of personal property destroyed and injured by the falling of a public bridge, kept up by said county, over a stream known as Conecuh river, on a public highway in said county leading from Elba to Greenville, to-wit, on the 11th day of February, 1866, the said county being bound to keep said bridge in a safe condition for the passage of the public, and by its failure to do so, is responsible to the plaintiff for the damages which he has sustained by reason of said neglect; which demand was regularly presented to the commissioners court of Covington county within twelve months after the damage was sustained, and the payment of the same was refused by said court.

"Also, the like sum of four hundred and seventy-five dollars as damages which he has sustained by reason of

the negligence of the court of county commissioners of said county, for that heretofcre, to-wit, &c., the said court of county commissioners, by virtue of the jurisdiction given to it, did contract with certain parties, and made appropriations to have a bridge across Conecuh river, in said county, on the public highway leading from Elba to Greenville, without requiring said parties to give bond to guarantee the safety of said bridge for the period of — years; it thereby became the duty of said court to keep the said bridge in safe condition for the passage of the public, but not regarding their duty, the said court neglected to keep said bridge in good repair, but permitted it to become unsafe and dangerous, so that the plaintiff, on the 11th day of February, 1866, passing over and upon said bridge, as he had a right to do, and said bridge (a part of said highway,) having become rotten and unsafe by reason of said neglect, while plaintiff's wagon and team were passing over it, fell through and was broken down, whereby one ox, the property of the plaintiff, was killed, the wagon and harness were broken, and two mules and one ox were greatly injured, and merchandise, goods and chattels, the property of the plaintiff, were lost and destroyed, damaging the plaintiff four hundred and seventy-five dollars, as aforesaid; which said damages the said court of county commissioners, though requested so to do, have hitherto refused to pay; wherefore plaintiff brings his suit, and demands of said county his damages as aforesaid, with the interest thereon; which demand was regularly presented to the commissioners court of Covington county within twelve months after the damage was sustained, and the payment of the same was by said court refused."

The record sets out demurrers on several grounds to each count of the complaint, but no notice seems to have been taken of them.

On the application of the plaintiff, the trial of the cause was transferred to Crenshaw county, where it was tried on the following agreed state of facts:

"That every thing stated in plaintiff's complaint, not inconsistent with what is there stated, is to be taken as true; that the ox killed and goods and chattels lost and

destroyed were worth four hundred dollars, and that the wagon and harness and two mules and ox were damaged to the extent of seventy-five dollars; and if the plaintiff is entitled to recover, he shall recover four hundred and seventy-five dollars. It is admitted, also, that the bridge was built in the body of the county of Covington, and not on the county line, and was built by private subscription about ten years ago; that at the August term of the commissioners court of said county of Covington, 1864, said commissioners court contracted with and paid J. E. Perkins and William Wright sixty-four dollars to haul the lumber to repair said bridge, which was purchased, and that said lumber was put on said bridge by the citizens living near the same, gratuitously; that the contract was performed by said Perkins and Wright; that there was no bond or guaranty given by said Perkins or Wright for the safety of said bridge; that the bridge was free, having never charged, or been intended to charge, any toll; that the plaintiff had never paid, or offered to pay, any toll; that the plaintiff's wagon and team fell through said bridge by the sleepers of said bridge breaking and falling while plaintiff's wagon and team were passing over said bridge, on the 11th day of February, 1866; that the plaintiff's demand was regularly presented to the court of county commissioners for Covington county within twelve months after the damage was sustained, and that payment of the same was refused by said court. Each party reserves the right of appeal to the supreme court, and the order of the commissioners court is to go as part of this agreement."

There was no other evidence offered in the case by either party, except the foregoing statement of facts.

On this evidence, the court charged the jury, that if they believed the evidence, they must find for the plaintiff; to which charge the defendant excepted.

The order of the commissioners court, made a part of the agreed statement of facts, shows that at the August term thereof, 1864, the order "heretofore granted" for repairing the "Dozier" bridge and the "Williams" bridge, was revoked, and the committee theretofore appointed

were authorized to purchase lumber to repair said bridges. In the same order is an appropriation to J. E. Perkins and William Wright of sixty-four dollars, for hauling lumber for repairing " Williams " bridge.

The county now appeals, and assigns the following errors :

1. Not disposing of the demurrers.

2. The charge given by the court.

3. The judgment rendered on the agreed facts.

S. J. CUMMING, JOHN K. HENRY, and JAMES M. WHITE-HEAD, for appellant.—1. It is evident from the complaint, that this suit is brought to recover under section 1396 of the Revised Code. The remedy under that section is only in the cases, and for the defaults, that come within its terms. Now, what are its terms? They are as follows : "When a bridge or causeway has been erected *by contract with the county commissioners.*" But the agreed statement of facts, as set out in the bill of exceptions, shows that the bridge, in this case, *"was built by private subscription,* about ten years ago." It was not, then, a bridge built under section 1396 of the Code ; and, according to the decision of this court in *Barbour County v. Brunson,* 36 Ala. 3ú2, no recovery in this case can be had under that section.

2. In August, 1864, the commissioners court of Covington county contracted with and paid Perkins and Wright sixty-four dollars for *hauling* lumber to repair a bridge. The bridge was not repaired by the county, but the repairs were done " by the citizens living near the same, gratuitously." The order of the commissioners court directing sixty-four dollars to be paid to Perkins and Wright, was a judicial act, and could not make the county liable for damages by reason of the bridge falling in.—*Dargan v. The Mayor, &c.,* 31 Ala. 469. The repairing the bridge was a ministerial act, but with this the county had nothing to do. The court of county commissioners did not order or direct the bridge to be built, or to be repaired, and had nothing to do with it. The commissioners court, at the August term, made an order setting aside " the order heretofore granted for repairing the Dozier bridge and the

Williams bridge." But it is nowhere shown by the record that the Dozier bridge or the Williams bridge was the bridge that fell in.

3. The cases on which the appellee relies are all cases in which the corporations did something, but did it so unskillfully, carelessly, or negligently, that injury thereby resulted to the party suing. Here, we insist the county did nothing ; never had anything to do with the bridge that fell in, either by building or repairing.

4. The county was under no legal obligation to build bridges over water courses passing through it. It was a matter for judicial consideration and determination. The failure to exercise judicial power constitutes no ground of action. — *Smoot v. The Mayor, &c.,* 24 Ala. 112 ; *The Rochester White Lead Co. v. The City of Rochester,* 3 Comst. (N. Y.) 463.

5. The court erred in charging the jury that "if they believed the evidence, they must find for the plaintiff." It has been frequently held by this court, that such a general charge should not be given where the jury could legally find a verdict against the party in whose favor the charge was given. Such a general charge has been held as similar to a demurrer to evidence. It should not have been given in this case.— *Walker's Adm'r v. Walker's Adm'r,* 41 Ala. 353.

F. M. Wood, and W. D. Roberts, *contra.*—When the county commissioners made the appropriation and contract to purchase and haul the lumber to repair the bridge, and the contracting parties executed and performed their part of the contract, and the lumber was placed on the bridge in pursuance of said agreement, it then became a building of a bridge within legal contemplation, and it thereby became the duty of the commissioners court of said county to keep said bridge in good repair, for the safety of the public ; and on failing to do so, the county thereby became liable to the appellee for the damages that he sustained. *Conrad v. Trustees of the Village of Ithaca,* 16 N. Y. 158 ; *Rochester White Lead Co. v. The City of Rochester,* 3 Comstock, 463.

Covington County v. Kinney.

The appellee's judgment in the court below should be affirmed, whether the bridge was a contract bridge, or one put up otherwise; it was a part of the county highway, and it was the duty of the county to keep it in repair.—See *Furse v. Mayor of N. Y.*, 3 Hill 612; *Rochester Lead Co. v. City of Rochester*, 3 Comst. 468; *Hart v. City of Brooklyn*, 36 Bar. 226; *Peck v. Village of Batavia*, 32 Bar. 634; *Hays v. Town of Burlington*, 38 Vt. 350; *Meares v. Town of Wilmington*, 9 Iredell, 73; *Kingsbury v. Inhabitants of Dedham*, 13 Allen, 186; *Barber v. Boxbury*, 11 Allen, 318; 1 Cush. (Mass.) 443; *Smoot v. Mayor of Wetumpka*, 24 Ala. 112.

PETERS, J.—The county is a corporation, and subject to be sued as an individual would be, under the law applicable to its character as such, or under such laws as impose upon it some special duty.—Rev. Code, § 897. It can not be liable in any other way. If there is no law imposing a certain duty upon the county, there is no liability for the injuries arising from the neglect of such a duty. A corporation is simply an artificial and ideal person, and its liabilities are to be ascertained, like those of a person. The injuries, then, which it commits, must arise from misfeasance or nonfeasance, or from a failure to perform such contracts as it is authorized to make. " Being the mere creature of the law, it possesses only those properties which the character of its charter confers upon it expressly, or as incidental to its very existence."—Marshall, C. J., in *Dartmouth College v. Woodward*, 4 Wheat. 518, 636.

The charter incorporating the counties of this State is that found in the Revised Code, above referred to. There is no general law of the State requiring the counties to keep the public roads, and bridges on public roads, in safe repair, and this is not a duty incident to the character of the corporation itself. Then, before the county could be held liable for damages accruing from an injury occasioned by the fall of a bridge, or from an insufficient bridge, as a part of the public highway, it must be shown that there is some special law imposing such special liability.

There is but one instance in which the people of the State, through its legislative authority, have imposed upon

the counties responsibility for such injuries. This law is in these words : " When a bridge or causeway has been erected by contract with the county commissioners, with a guaranty, by bond or otherwise, that it shall continue safe for the passage of travelers and other persons for a stipulated time, any person injured in person or property before the expiration of such period, by a defect in such bridge or causeway, may sue in their own name on the bond or guaranty, and recover damages for the injury ; and if no guaranty has been taken, or the period has expired, may sue and recover damages of the county. And if the contractor shall knowingly suffer any such bridge or causeway to remain out of repair, and unsafe for the passage of travelers and other persons, for more than ten days at any one time, during the period stipulated for its safety by the terms of his contract, he shall be guilty of a misdemeanor, and on conviction shall be fined, for the use of the county, in a sum not less than double the value of the materials and labor necessary to put such bridge or causeway in the state of safety required by the terms of his contract." Rev. Code, § 1396; *Barbour County v. Brunson*, 32 Ala. 362.

Beyond this statute, neither the county nor any of the agents authorized to act for it, are bound to keep the public highways or bridges in the county in safe repair, nor to insure the safety of the persons and the property that may pass over them. This is a part of the State's governmental jurisdiction that has not been conferred upon the county, as a corporation. It rests with another set of public functionaries altogether, who are subject to indictment for a failure, without sufficient cause, to discharge the duty of keeping the public highways in proper repair. Rev. Code, §§ 1541, 1366, 1357.

From this view of the county corporations in this State, it is very evident that the analogy supposed to exist between them and the corporations of towns and cities is not, in reality, found to be true. The county is not bound, as a general duty, to keep the public roads and bridges within its boundary in safe repair. It can not, therefore, be responsible for an injury growing out of a failure in this particular. This is otherwise with towns and cities.

This is a duty which they undertake to perform. If it is badly done, or not done at all, they become wrong-doers, and are liable for the injury they have occasioned. Such is the law incidental to their charters.—*Smoot v. Mayor of Wetumpka*, 24 Ala. 112 ; *Owsley v. M. & W. P. R. R. Co.*, 37 Ala. 560 ; *City Council of Montgomery v. Gilmer et al.*, 33 Ala. 116 ; *Dargan v. Mayor, &c., of Mobile*, 31 Ala. 469.

In this case, there was a demurrer interposed to each count of the complaint. It does not appear from the record that any judgment was given by the court on these several demurrers. In such a case, it must be presumed in favor of the action of the court below, that these demurrers were abandoned by the defendant in the court below, and not insisted on. There was no issue taken upon the demurrers, and they are not mentioned in the bill of exceptions. Then it must be presumed in favor of the action of the court below, that they were withdrawn or abandoned by the party pleading them. *Omnia presumuntur recte et solemniter esse acta, donec probetur in contrarum.* Broom's Max. pp. 427, 428, (marg.) ; *Griffin, adm'r, v. Bland*, 43 Ala. 542 ; *Eastland v. Sparks*, 22 Ala. 607.

Under the foregoing view of the act incorporating the counties in this State, the *second* and *third* counts of the plaintiff's complaint below do not state any legal grounds for a recovery against the county for the acts therein complained of, and the proofs submitted to the jury do not support the allegations of the first count. The court, therefore, erred in the charge to the jury as excepted to by appellant on the trial below.

For this error, the cause is reversed and remanded.