# Sims v. Butler County.

*Action against County to recover Damages for Injuries caused by Fall of Public Bridge.*

*Liability of county for damages caused by fall of public bridge.* — An action does not lie against a county, to recover damages for injuries caused by the fall of a public bridge (Rev. Code, § 1396), unless the bridge was erected by contract with the court of county commissioners ; the mere failure of said court to keep a public bridge in repair, after having intentionally omitted to place it in any road precinct, and having assumed jurisdiction and control over it, imposes no liability on the county.

APPEAL from the Criminal Court of Butler.

Tried before the Hon. W. H. CRENSHAW.

This action was brought by Anderson Sims against the County of Butler, to recover damages for injuries sustained by him from the fall of a public bridge. The amended complaint, which was substituted for the original, contains two counts, which were in the following words : —

" The plaintiff claims of the defendant two thousand dollars damages for injuries sustained by him in the loss of and damages to his property occasioned by the falling in of a bridge, commonly known and called ' Thorington's ' (*alias* ' Thornton's) Bridge,' which had been constructed over a stream in said county, known as ' Pigeon Creek,' on the public highway in said county leading from Greenville to Troy, Alabama, and known as the ' Lower Troy Road ; ' and plaintiff avers, that the Court of County Commissioners in said county,

in establishing the road precincts in said county, established a precinct over said road, commencing between Greenville and said bridge, and extending thence to the foot of said bridge on the west bank of said creek, or to the foot of said bridge nearest to the town of Greenville ; and also established another precinct on said road, commencing at the foot of said bridge on the east bank of said creek, and extending thence along said road for several miles, to wit, five miles, in the direction of said town of Troy ; and so the plaintiff avers, that before and at the time of the injuries to him hereinafter set forth, the said bridge was not, and no part thereof was, in any road precinct in said county, and no overseer of any public road in said county, with the hands apportioned to him pursuant to the requirements of law, was required, or had any jurisdiction, power, or authority to work on said bridge, or keep the same in proper repair, by reason of the said action of said Court of County Commissioners. And plaintiff further avers, that after intentionally omitting to embrace or place the said bridge in any road precinct of said county as aforesaid, the said defendant, by and through the said Court of County Commissioners, assumed and took exclusive authority, jurisdiction, and control over the said bridge, as a public bridge on a public highway in said county, and undertook that the said bridge should be kept in a safe condition for the passage of travellers and other persons ; and said defendant, by reason of the premises aforesaid, was bound to keep said bridge in a safe condition for the passage of the public. And said plaintiff further avers, that said defendant, to wit, on the —— day of ——, pursuant to its said obligation to keep said bridge in a safe condition, expressly undertook to perform its said duty in the premises, and made contracts for the rebuilding in part, and repairing and recovering of said bridge, and for the purchase of lumber and materials for said purpose, and paid for the said work and lumber, timber and materials, and failed to take a guaranty by bond from the person or persons with whom said defendant contracted as aforesaid, that said bridge would continue safe for the passage of travellers or other persons for any stipulated time. And said plaintiff further avers, that said defendant, in attempting to discharge said duty and obligation to keep said bridge in a safe condition for the passage of the public, travellers, and other persons, did, through its agents, servants, and employees, discharge said duty in a manner so careless, negligent, and unskilful, that said bridge became and was in an unsafe condition, by reason of its being rebuilt and repaired with and upon rotten and unsound timbers ; and that said defendant did permit said bridge so to remain in a rotten and unsound condition for a long space of time, to wit, twelve

months, which rendered said bridge at all times unsafe for the passage of travellers and persons with wagons and vehicles, until, to wit, the —— day of ——, when plaintiff's wagon and team, and plaintiff's cotton, with which said wagon was loaded, was damaged, injured, and destroyed by the falling in of said bridge; which said property of plaintiff was of the value of a large sum of money, to wit, $2,000, and was passing on the said bridge, or crossing the said creek thereon, in the usual and customary manner of persons carrying their produce to market, at the time said bridge gave way as aforesaid; to the damage, injury, and destruction of plaintiff's said property as aforesaid. And said plaintiff further avers, that his said property was injured, damaged, and destroyed as aforesaid, by reason of the defendant's want of care in keeping said bridge in a safe condition, after said defendant undertook to do so as aforesaid; and by the negligent, careless, and unskilful manner in which said defendant rebuilt in part, and repaired and re-covered said bridge, the same having been rebuilt, repaired, and recovered with and on old and rotten timbers by said defendant." The count further averred that plaintiff's claim for damages was duly presented to the Court of County Commissioners, and by said court was rejected.

"2. Plaintiff claims of defendant, also, the further sum of two thousand dollars, as damages for injuries and losses sustained by him in consequence of the carelessness and negligence of the defendant, as follows: The Court of County Commissioners of said county, in establishing the road precincts in said county, on, to wit, the —— day of ——, established a precinct on the public road or highway leading from Greenville in the direction of Troy, Alabama, known as the 'Lower Troy Road,' which said precinct commenced on said road between Greenville and Thorington's Bridge (*alias* Thornton's Bridge), over a stream in said county called 'Pigeon Creek,' and extended to the foot of said bridge on the west bank of said creek; and also established another precinct on said road, commencing at the foot of said bridge on the east bank of said creek, and extending thence in an eastern direction for several miles; and plaintiff avers, that by the action of said Court of County Commissioners as aforesaid, the said bridge was intentionally left out, and not placed or embraced in any road precinct in said county, and that no overseer of any road precinct in said county was authorized by law, or had jurisdiction, power, or authority to work on said bridge with the hands apportioned to him, and to keep the same in proper repair, and in a safe condition for the passage of travellers and other persons, from, to wit, the —— day of ——, to the time of, and after the injuries to, and destruction of, the plaintiff's

[Sims *v.* Butler County.]

property by the falling in of said bridge, as hereinafter stated. And plaintiff further avers that after said bridge was left out of any road precinct by said court, as aforesaid, and there was no jurisdiction, power, or authority in any person or persons, save said defendant, to keep said bridge in proper repair, and in a safe condition for the passage of travellers and other persons, the said defendant negligently and carelessly failed and refused to keep said bridge in proper repair, and in a safe condition for the passage of travellers and others, in this : Defendant permitted said bridge to remain with old and rotten timbers, recovered so as to partially conceal them from the public gaze, for the passage of travellers and other persons thereon, for a long space of time, to wit, from the —— day of —— to the —— day of ——. And plaintiff avers, that. on the —— day of ——, plaintiff's property was damaged, injured, and destroyed by the falling in of said bridge, as follows," &c. ; " and so plaintiff avers that he has been damaged by the negligence of defendant, as aforesaid, to the amount of two thousand dollars ; " and that the plaintiff's claim for damages was duly presented to the Court of County Commissioners, who refused to pay or allow it.

The defendant demurred to the amended complaint, " in short, by consent,". assigning the following grounds of demurrer to each count :' " 1. The Court of County Commissioners has no authority to bind the county, except in the cases provided for in the statute ; and plaintiff does not show such a cause of action as is contemplated by the statute. 2. The Court of County Commissioners have no power to take upon themselves the duty of building or repairing bridges ; and if they do so, the negligent or improper manner in which they perform such self-imposed duty confers no right of action against the county. 3. The matters and things alleged show no liability against the defendant. 4. There is no allegation that the bridge, the falling in of. which caused the accident complained of, was erected by contract with the county commissioners." . The court sustained the demurrer ; and the plaintiff declining to further amend, there was judgment for the defendant. The judgment on the demurrer is now assigned as error.

JUDGE & HOLTZCLAW, for appellant. — None of the former decisions of this court reaches this case. The *gravamen* of the complaint is, that the bridge was purposely left out of any road precinct ; that the county assumed the exclusive duty of keeping it in repair, and, for this purpose, hired labor, bought lumber, made contracts, and had work done on the bridge, but took no guaranty from the contractors, by bond or otherwise,

[Sims *v.* Butler County.]

that the bridge should continue for any specified period in a safe condition. While it was not the duty of the county to do this, yet, having undertaken to do it, the county was bound to do it well, and was responsible in damages for not doing it well. The law has been settled, since the case of *Coggs* v. *Bernard* (Ld. Raymond, 909 ; 1 Smith's L. C. 283), "that the confidence induced by undertaking any service for another is a sufficient legal consideration to create a duty in the performance of it." In addition to this, the failure to take a guaranty from the contractors rendered the county liable. Rev. Code, § 1396. If the county is not liable in this case, then it presents the anomaly of a grievous wrong committed for which there is no remedy.

HERBERT & BUELL, *contra*. — The complaint was obnoxious to the causes of demurrer specifically assigned, which bring the case within the principle decided in *Covington County* v. *Kinney*, 45 Ala. 176 ; *Barbour County* v. *Horn*, at June Term, 1872.

PETERS, J. — This is an action of trespass on the case, instituted by the appellant, Anderson Sims, against the County of Butler, to recover damages sustained by him in consequence of injuries to his property occasioned by the fall of an insufficient bridge on one of the public roads in said county, erected over Pigeon Creek. There were two counts to the complaint, which were both demurred to, and the demurrers were sustained ; and the judgment on the demurrer is now assigned as error.

The complaint fails to allege that the bridge mentioned therein was one erected by contract with the county commissioners, or when the injury complained of was occasioned. Rev. Code, §§ 1396, 1397. The people of the county are the members of the incorporation called the county. They act through the agency of the Court of County Commissioners. The county commissioners can only bind the county by their acts where they are authorized by statute to do so. It is not a duty of this corporation to keep the public bridges in repair, except in cases expressly provided by law, and the case mentioned in appellant's complaint is not one of these. *Covington County* v. *Kinney*, 45 Ala. 176 ; *Barbour County* v. *Horn*, June Term, 1872. The allegation in the complaint, that " after intentionally omitting to embrace or place the bridge in controversy in any road precinct of said county, as aforesaid, the said defendant (the county), by and through the said Court of County Commissioners, assumed and took exclusive authority, jurisdiction, and control over the said bridge, as a public bridge on a public highway in said county, as aforesaid, and undertook that the

said bridge should be kept in a safe condition for the passage of travellers and other persons," is not a proposition that can be supported by the law. The Court of County Commissioners could not impose such a duty on the people of the county in this way. This was not a bridge erected under the provisions of the Code, and the county, as a corporation, was not bound to keep it in repair. 45 Ala. 176, *supra*.

It is true that the Commissioners' Court is invested with a general superintendence of the public roads within their respective counties ; but this power only gives the authority to " establish new, and change and discontinue old roads, in the manner " provided in the Code. Rev. Code, § 1310. They are also authorized to lay off the roads into precincts, and to appoint apportioners and overseers on the public roads. Rev. Code, § 1323. But their failure to perform these duties, the gist of this complaint, does not impose on the county any liability for injuries occasioned by their neglect. In the case of *Barbour County* v. *Brunson*, this court said : " We do not controvert the argument of appellant's counsel, that the authority which the Court of County Commissioners exercise over the subject of roads and bridges is governmental in its character, and that the county would not, upon common law principles, be liable for any injury which might result from the failure to exercise that authority in a manner the most conducive to the safety of the public." 36 Ala. 362, 366. This principle, which is obviously correct, applied to this case, justifies the judgment of the court below.

The judgment of the court below is therefore affirmed.