# City Council of Montgomery *v.* Reese.

*Action for Damages to Animal on Account of Defective Streets.*

(Decided April 28, 1906. 40 So. Rep. 760.)

*Municipal Corporations; Defects in Street; Action; Pleading.*—A person using a public street is not bound to know or seek to ascertain if it is in a safe condition, but may presume it is safe, and a plea setting up that such a defect was known or should have been known to plaintiff's driver, is not an answer to a complaint claiming damages for injury to an animal caused by a defect in the streets of the municipality, and demurrer to such plea was properly sustained.

APPEAL from Montgomery City Court.
Heard before Hon. A. D. SAYRE.
Action for damages on account of an injury to a horse, by appellee against appellant. The evidence tended to

show that a man hole had been constructed in the center of a certain street in the city of Montgomery and that the soil had worn away and the man hole was permitted to remain six or seven inches above the surface of the street, and while being driven along said street, plaintiff's horse struck said man hole and became permanently injured. The defendant sought by the second plea, to show that a sewerage and drainage was constructed along said street and that the man hole was necessary in order to properly maintain said sewerage, and that it was constructed in the center of the street as is usual and customary, and in accordance with the best known way of constructing such system and such man hole, and that the street was not paved, and on account of a long drought, the soil had become loosened by much travel and had worn away from such man hole and that this fact was known or ought to have been known to plaintiff's driver. The court required the defendant, in answer to plaintiff's demurrers to strike the expression from the plea "ought to have known;" and this is the point presented for decision.

C. P. McINTYRE and RAY RUSHTON, for appellant.— No brief came to the reporter.

W. S. REESE and PHARES COLEMAN, for appellee.—No brief came to the reporter.

DENSON, J.—This action is based upon the alleged negligence of the corporate authorities of the city of Montgomery in constructing or placing a man hole in the middle of one of the public streets of the city, so that it projected above the surface of the street six or seven inches, and in consequence of which plaintiff's horse, while being driven along the street at night, struck his foot against the manhole and was permanently injured. The errors assigned relate alone to the judgment of the court sustaining a demurrer to plea No. 2. With respect to the alleged defect in the street, the plea averred that it was known, or should have been known, to the party

in charge of the plaintiff's horse at the time of the alleged injuries. After demurrer was sustained to the plea, the defendant amended the plea by striking out the words, "or should have been known." To the plea as amended the demurrer was refiled, and was overruled.

It is the duty of municipal corporations to keep their streets and sidewalks in a reasonably safe state of repair for public use. And this duty extends to the whole width of these public thoroughfares.—*City Council of Montgomery v. Wright,* 72 Ala. 411, 47 Am. Rep. 422. While it may be true that knowledge of the defective condition of a public street, or an obstruction in it, will require of a person using the street to exercise more care than if the street were not defective or obstructed, it does not follow that such person should institute an inquiry to ascertain if the street is in a safe condition or free from defects and obstructions, or to use due care and prudence to find out whether or not there are dangerous defects in the street. Especially is this true in the absence of an averment of notice of such defect. Such person may assume the street is in proper condition for public travel.—*Mayor v. Tayloe,* 105 Ala. 170, 16 South. 576; *Mayor v. Starr,* 112 Ala. 98, 20 South. 424.

The demurrer to the plea was properly sustained, and the judgment will be affirmed.

Affirmed.

HARALSON, DOWDELL, and ANDERSON, JJ., concur.