[City of Montgomery v. Ross.]

# City of Montgomery *v.* Ross.

### Injury from Defective Streets.

(Decided January 20, 1916.    70 South. 634.)

1. **Municipal Corporations; Defective Streets; Injury; Jury Question.**—
The question whether a change of grade or step down in a sidewalk of about
ten inches at the junction of two streets was a defect in the sidewalk for
which the city was liable, and whether a pedestrian was guilty of contribu-
tory negligence in failing to observe the stepdown before stepping over and
falling, was for the jury, in an action for injuries resulting therefrom, in this
case.

2. **Counties; Municipal Corporation; Liability.**—Counties are not liable
for defects in highways unless and to the extent only that they are made so
by statute, while cities and towns are liable for defective streets, although
not expressly made so by statute.

3. **Municipal Corporations; Defective Streets; Contributory Negligence.**
—Where a pedestrian sees an obstruction on a sidewalk, or has notice of its
presence, or knowledge of such facts as are calculated to put a man of ordi-
nary and reasonable capacity on the lookout or on inquiry, and under such
circumstances fails to exercise ordinary care, such pedestrian is guilty of
contributory negligence; but this rule does not apply when a person has a
legal right to assume that he may proceed with safety, and no fact or cir-
cumstances are brought to his notice calculated to excite attention or care.

4. **Same.**—One traveling a sidewalk of a city may assume that it is in
proper condition for public travel, and is not required to be on the lookout
for obstructions in the day time, nor to feel his way at night.

5. **Same.**—The fact that the person who was injured by falling at a point
where there was a sudden drop in the grade of the sidewalk had knowledge
or notice of the defect, was not conclusive evidence of contributory negli-
gence on her part.

6. **Same; Notice.**—Where a sidewalk which contained a sudden change of
grade of about ten inches was in the same condition at the time of the acci-
dent as when it was originally constructed, the city was chargeable with
notice and knowledge of the defect if it did the work, or if it received it after
it was done by another.

7. **Same; Liability.**—The liability of a city for injuries from defective
streets depends upon actionable negligence, and not upon an absolute war-
ranty of safe condition.

8. **Same.**—The fact that the street or sidewalk was constructed in ac-
cordance with the ordinances of the city, did not relieve the city of liability
for injuries because of a defect in the grade, on the theory that its board of
commissioners was acting in its legislative and judicial capacity in providing
for such construction.

APPEAL from Montgomery City Court.
Heard before Hon. W. W. PEARSON.

[City of Montgomery v. Ross.]

Action by Lula M. Ross against the City of Montgomery for damages occasioned by a defective sidewalk. Judgment for plaintiff, and defendant appeals. Affirmed.

The pleas were not guilty, contributory negligence, in short, by consent, and (4) For further answer, defendant says that said alleged injury, if it occurred, was caused at a connection of two sidewalks, said sidewalks being of different heights, that said downward step was provided for by plans and specifications for the paving of said sidewalk upon Highland avenue, adopted by the board of commissioners of the city of Montgomery, while acting in a legislative or judicial capacity, and that said sidewalks were constructed by the ministerial officers of defendant, as provided for and in accordance with said plans and specifications.

(5) That said sidewalk at the place where the injury is alleged to have occurred was constructed under and in accordance with plans and specifications adopted by the governing body of the city of Montgomery, acting in its legislative and judicial capacity.

The charges referred to had reference to these pleas, and on the hypothesis of the facts stated in the pleas, direct a verdict for defendant.

WARREN E. ANDREWS, for appellant. HILL, HILL, WHITING & STERN, for appellee.

MAYFIELD, J.—Appellee sued appellant to recover damages for personal injuries alleged to have been received on account of a defect in the sidewalk at the junction of Buford street and Highland avenue, in the city of Montgomery. The defect, if any, was a sudden and abrupt change in the grade of the sidewalk of about ten inches. Appellee, while walking along the sidewalk at this point, stepped off this sudden drop, and fell, receiving in consequence thereof personal injuries, for which she sues.

(1) It is contended: First, that the city is not liable as for defects in its streets and sidewalks; second, that this sudden change of grade, or step-down, of ten inches, is not a defect in the sidewalk for which the city is liable, if liable for any defects; and, third, that plaintiff was guilty of contributory negligence, proximately contributed to her injury, in failing to observe the step-down before stepping over it. The first of these

questions is purely one of law, while the second and third are usually, under the facts shown by this record, questions of fact for the determination of the jury, and the trial court properly submitted them to the jury for their findings. The city was therefore not entitled to affirmative instructions as to either of these two questions.

(2) The rule is now, and has been always, different in this state, touching the liability of counties and the liability of cities as for defective highways. Counties are liable as for such defects only when and to the extent that they are made so by statute; while cities or towns are liable as for such defects when not expressly made so by statute. The power and authority which the county exercises in reference to roads and bridges, in its character and nature, is governmental, rather than corporate; and upon principles of the common law a county cannot be made answerable to private individuals for injuries resulting from the failure to exercise the power in the manner most conducive to the public safety. In this respect counties are distinguished from towns, cities, and other municipal corporations charged with the duty of keeping streets and other highways in safe and suitable condition for passage.—*Covington Co. v. Kinney,* 45 Ala. 176; *Barbour Co. v. Horn,* 48 Ala. 566; Id., 48 Ala. 649; *Sims v. Butler Co.,* 49 Ala. 110; *Askew v. Hale Co.,* 54 Ala. 639, 25 Am. Rep. 730; 2 Mayf. Dig. 921.

In the case of *Town of Cullman v. McMinn,* 109 Ala. 614, 19 South. 981, it is said, per Brickell, C. J.: "The liability of munic-ipal corporations for injuries to persons lawfully using the streets, caused by defects or obstructions therein, springs from the duty imposed upon them by law to keep the streets in a safe condition for public use. It is said by Judge Dillon: 'Where the duty to keep its streets in safe condition rests upon the corpora-tion, it is liable for injuries caused by its neglect or omission to keep the streets in repair, as well as those caused by defects occasioned by the wrongful acts of others, but, as the basis of the action is negligence, notice to the corporation of the defect which caused the injury, or of facts from which notice thereof may reasonably be inferred, or proof of circumstances from which it appears that the defect ought to have been known and remedied by it, is essential to the liability.'—2 Dill. Mun. Corp. (4th Ed.) § 1034; *City Council v. Wright,* 72 Ala. 411 [47 Am. Rep. 422]."

[City of Montgomery v. Ross.]

In *Starr's Case*, 112 Ala. 98, 20 South. 424, a case very similar to the one in hand, it was said: "It may be that courts have judicial knowledge that every slight elevation or depression in the streets or sidewalks of a city are such imperfections as not to be dangerous to persons exercising ordinary care, as held in the case of *Raymond v. City of Lowell*, 6 Cush. (60 Mass.) 524, 53 Am. Dec. 57; but the defects described in the complaint, with the averments of injury sustained, prima facie show an actionable defect. Much depends upon the circumstances and conditions whether a defect is actionable, which can be shown only by evidence, but which circumstances and conditions need not be detailed in the complaint.

"The fourth ground of demurrer raises the question of the liability of the city under its charter for failing to keep in good repair its streets and sidewalks after notice. The complaint must be construed as if it contained at length the provisions of the charter which impose the duty upon the city, and, considered in this view, the question is properly raised by demurrer.—*Albritton v. Mayor and Aldermen of Huntsville*, 60 Ala. 494 [31 Am. Rep. 46] ; *Smoot v. Wetumpka*, 24 Ala. 121."

In *Starr's Case* the depression was only three inches in depth, while here it is ten; but in *Starr's Case* the depression was not due to wear, but was structural, and so intentional, though this fact would not relieve the city of liability, provided it were actionable negligence to so construct the sidewalk. And, as before said, this question of negligence was one of fact for the jury in the case at bar. *Starr's Case*, 112 Ala. 98, 20 South. 424, *Tayloe's Case*, 105 Ala. 170, 16 South. 576, and *Wright's Case*, 72 Ala. 411,. 47 Am. Rep. 422, are conclusive to the proposition that whether or not plaintiff was guilty of contributory negligence in stepping off the depression without observing it was a question of fact for the jury.

(3, 4) The rule as to contributory negligence of pedestrians thus injured on account of defects in, or obstructions on, sidewalks is well stated in *Tayloe's Case, supra*: "It was further contended, under the plea of contributory negligence, that the plaintiff was heedless and inattentive, and failed to exercise the ordinary care required of all persons at all times for their own safety. Of course, if the plaintiff saw the obstruction, or had notice of its presence, or knowledge of such facts as were calculated to put a man of ordinary and reasonable capacity on the lookout,

[City of Montgomery v. Ross.]

or inquiry, and under these circumstances failed to exercise ordinary care, he would have been guilty of contributory negligence; but the doctrine of 'heedlessness' and 'inattention,' as generally understood, or neglect to use reasonable care, does not arise when a person has the legal right to assume that he may proceed with safety, and no fact or circumstance is brought to his notice calculated to excite attention or care. A person traveling upon the sidewalks of a municipal corporation in the daytime is not required to be on the lookout for obstructions, nor is he required to feel his way at night. He may assume they are in a proper condition for public travel. Much less can a person accustomed daily to pass over a sidewalk be chargeable with heedlessness or culpable negligence in not discovering an obstruction placed upon the sidewalk in the interim of his travel."

(5) The evidence in this case fell far short of showing, as matter of law, that plaintiff was guilty of contributory negligence. One injured by falling while walking on a defective sidewalk is not necessarily guilty of contributory negligence, if he had knowledge or notice of the defect. The mere fact that the plaintiff had knowledge and notice of the defect, such as was shown, was not conclusive evidence of contributory negligence on her part in walking along such sidewalk. Whether or not she was guilty of contributory negligence, under all the evidence, was properly a question for the jury.—112 Ala. 98, 20 South. 424; 72 Ala. 411, 47 Am. Rep. 422; *Birmingham v. Gordon,* 167 Ala. 337, 338, 52 South. 430.

(6) The evidence was ample in this case to charge the city with notice of the defect. It appears that the condition of the sidewalk at the time and the place of the injury was the same as when the walk was originally constructed; and consequently the city was chargeable with notice and knowledge of the defective construction. The work was either done by the city, or received by it, so as to charge it with notice.

(7) The liability of cities in cases like this depends upon actionable negligence, and not upon absolute warranty of safe conditions. The rule is well stated by Mr. Dillon, in his work on Municipal Corporations, vol. 2 (4th Ed.) § 1015: "A municipal corporation, even in those states which assert an implied liability for damages caused by a failure to keep its streets in repair, is liable in respect of defects caused by others only on the ground of negligence. The liability is not that of a guaran-

[City of Montgomery v. Ross.]

tor of the safety of the traveler. The corporate authorities are only bound to use reasonable skill and diligence in making the streets and sidewalks safe and convenient for travel. They are under no obligation to provide for everything that may happen to them, but only for such things as ordinarily exist or such as may reasonably be expected to occur."

(8) Appellant is in error in supposing that the city was not liable for the defect complained of, provided the sidewalk was constructed in accordance with the ordinances of the city. The city cannot undertake to improve its public highways, and do it in such a negligent and improper manner as to injure those using the highway, and then avoid liability by pleading that the work was done in accordance with its ordinances. If the act which is done would be tortious if done by a natural person, the corporation is held liable for it to the same extent and for the same reasons that the natural person would have been. The legal protections of property are the same against artificial persons as against others, and the state itself, or any of its municipalities, has no more power to deprive the owner of his possessions than has the private citizen. It has therefore been held that, though a city is not responsible because of any failure to provide proper sewerage, yet, if the effect of the construction of one of its public works shall be to collect water and cast it upon the land of an individual where it would not otherwise flow, the city is liable.—*Ashley v. Port Huron,* 35 Mich. 296, 24 Am. Rep. 552; *Turner v. Inhabitants of Dartmouth,* 13 Allen (95 Mass.) 291; *Weis v. City of Madison,* 75 Ind. 341, 39 Am. Rep. 135; *Burford v. Grand Rapids,* 53 Mich. 102, 118 N. W. 571, 51 Am. Rep. 105.

For these reasons, there was no error in sustaining demurrers to pleas 4 and 5, nor in the refusal of the defendant's special requested charges, other than those which were in effect, the general affirmative charges.

The defendant was clearly not entitled to the affirmative charge on any theory of the case.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.