(80 South. 139)

CITY OF MONTGOMERY v. SUPPLE.
(3 Div. 298.)

(Court of Appeals of Alabama. Nov. 12, 1918.)

1. TRIAL ⟐143 — PROVINCE OF JURY — DISPUTED FACTS.

When facts are disputed or different minds might arrive at different conclusions from admitted facts, it is for the jury, and not the court, to declare the results.

2. NEGLIGENCE ⟐136(9)—JURY QUESTION.

A question of negligence is one of law for the court only when the facts are such that all reasonable men must draw the same conclusions from them, otherwise it is for the jury.

3. MUNICIPAL CORPORATIONS ⟐764(1)—LIABILITY FOR PERSONAL INJURIES—DEFECTS IN THOROUGHFARES.

Municipal corporations owe travelers upon their public thoroughfares the duty of keeping these thoroughfares to the full width in reasonably safe repair for travel by night as well as by day.

4. MUNICIPAL CORPORATIONS ⟐821(6)—ACTION FOR PERSONAL INJURY — JURY QUESTION.

In action against city for personal injuries caused by abrupt projection of the pavement of sidewalk, whether city breached its duty to keep sidewalk in reasonably safe condition for travel by permitting projection to remain in sidewalk was for the jury, where, under the evidence, reasonable minds might have arrived at different conclusions.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action by Alabama Supple against the City of Montgomery. Judgment for plaintiff, and defendant appeals. Affirmed.

Andrews & Rives, of Montgomery, for appellant.

Hill, Hill, Whiting & Stern, of Montgomery, for appellee.

BRICKEN, J. Appellee sued appellant, a municipal corporation, in case, and grounded her complaint upon section 1273 of the Code of 1907. She procured a judgment, and from this judgment the present appeal is prosecuted.

Appellant makes but one insistence of error upon this appeal, and that is that as a matter of law an abrupt projection of the pavement in the middle of a paved sidewalk of the kind and character disclosed by the record is not an actionable defect.

The courts should never declare as a matter of law that a certain condition constitutes an actionable defect, or fails to constitute an actionable defect, where reasonable minds might arrive at different conclusions in reference thereto.

[1] When facts are disputed, or different minds might arrive at different conclusions from admitted facts, it becomes within the province of juries and not judges to declare the results. Lord v. City of Mobile, 113 Ala. 366, 21 South. 366; City Council of Montgomery v. Wright, 72 Ala. 411, 47 Am. Rep. 422; 28 Cyc. 1502, and cases cited.

[2] The question of negligence is one of law for the court only, when the facts are such that all reasonable men must draw the same conclusion from them. White Swan Laundry Co. v. Wehrhan (Sup.) 79 South. 479, and cases cited.

[3] Municipal corporations are due the traveler upon their public thoroughfares the duty of keeping these thoroughfares to the full width in reasonably safe repair for travel by night as well as by day. Birmingham v. Tayloe, 105 Ala. 170, 16 South. 576; City Council of Montgomery v. Reese, 146 Ala. 410, 40 South. 760; McLemore v. West End, 159 Ala. 235, 48 South. 663; Birmingham v. Gordon, 167 Ala. 337, 52 South. 430; City Council of Montgomery v. Wright, supra; City of Montgomery v. Ross, 195 Ala. 362, 70 South. 634.

[4] Did the appellant comply with or breach this duty when it suffered to be and remain in its sidewalk an abrupt projection of the pavement of the character disclosed by the record? Reasonable minds might arrive at different conclusions in answering this question, hence a jury problem arose, and the trial court properly so ruled. Birmingham v. Starr, 112 Ala. 98, 20 South. 424; Montgomery v. Wright, supra.

The facts in the instant case relative to the defects in the sidewalk, as disclosed by the record, are not unlike the facts in the case of City of Birmingham v. Edwards (Sup.) 77 South. 841.[1] In that case, the fact that a sidewalk which had a projection or step thereon testified to by some witnesses as being three-fourths of an inch, and by others as much as six inches, appears to have been treated and considered as a matter of course,

<hr>

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 201 Ala. 251.

that such a difference in grade on the sidewalk in a city was a defect, and all the way through the opinion the Supreme Court, speaking through Gardner, J., treats this difference in grade on the sidewalk as being a defect. City of Birmingham v. Edwards 201 Ala. 251, 77 South. 841.

No errors appear in the record, and the judgment appealed from is affirmed.

Affirmed.