(93 South. 4)
### CITY OF MONTGOMERY v. FERGUSON.
(3 Div. 554.)

(Supreme Court of Alabama. Jan. 19, 1922. Rehearing Denied May 4, 1922.)

**1. Municipal corporations ⏁816(4)—Averment of negligence as to defect in street held sufficient to import knowledge by municipality.**

The averment that a municipality negligently allowed a defect to be and remain in a street

at a designated point imported that the defect had existed sufficiently long to have been discovered and remedied by the exercise of due care.

**2. Appeal and error ⏁695(2)—Affirmative charge not reviewed, where court and jury viewed scene of accident.**

In an action for personal injuries, where the court and jury went to the scene of the accident and viewed the place where plaintiff fell, they were afforded an opportunity for information not presented to the appellate court, and it cannot review the propriety of the giving of the affirmative charge for one of the defendants.

**3. Appeal and error ⏁216(1)—Failure to orally charge on specific law not reviewable, remedy being requested written instructions.**

Failure of the court, in an action for personal injuries in its oral charge to instruct on the law of contributory negligence, is not reviewable; the remedy being to request special written instructions.

**4. Municipal corporations ⏁764(1)—Must keep streets reasonably safe for travel by night as well as day.**

It is the duty of a municipality to keep its public streets in a reasonably safe condition for travel by night as well as by day.

**5. Municipal corporations ⏁764(3)—Duty to keep streets reasonably safe for travel by night and day extends entire width.**

The duty of a municipality to keep its streets in a reasonably safe condition for travel by night as well as by day extends to their entire width.

**6. Municipal corporations ⏁806(2)—Traveler, without contrary knowledge, has right to presume streets reasonably free from defects.**

A traveler on a city street has the right to presume, without knowledge to the contrary, that the municipality has performed its duties, and that its streets are reasonably free from defects.

**7. Trial ⏁192—Charge assuming plaintiff's lack of knowledge of defect in street held justified.**

In an action for personal injuries caused by a defect in a city street, a charge assuming plaintiff's want of knowledge of the defect in the street *held* justified under the uncontradicted evidence.

**8. Trial ⏁194(16)—Requested charge, in effect equivalent to affirmative charge, held properly refused.**

In an action for personal injuries, a requested charge instructing against a judgment against one of defendants alone under certain conditions, which, in view of the affirmative charge given for its codefendant, would have effected the same result as to requesting defendant, was properly refused.

**9. Municipal corporations ⏁814—Statute requiring joinder of persons for whose torts municipality liable not applicable to one only jointly negligent.**

Where, in an action for personal injuries caused by a defect in a street, there was no evi-

dence of initial negligence by a third person disconnected with the municipality, Code 1907, § 1273, 1274, requiring joinder of persons for whose wrongful acts municipality is liable, would not apply.

Appeal from Circuit Court, Montgomery County; R. I. Jones, Judge.

Action by Thomas E. Ferguson, pro ami, against the City of Montgomery and the receiver of the Montgomery Light & Traction Company for damages for injuries received by falling into a cut. Judgment for plaintiff, as against defendant City of Montgomery, and it appeals. Affirmed.

The following is the complaint:

Count 2: "Plaintiff claims of the defendants ten thousand ($10,000.00) dollars as damages, for that on, to wit, the 14th day of January, 1921, the plaintiff was walking along Bell street at a place about fifty (50) feet west of Dickerson street, just at or off the southeast corner of Bell Street bridge, at a place immediately adjoining the track or trestle used by Ray Rushton, receiver of the Montgomery Light & Traction Company, and within eighteen inches of the rails of said track, which street and place where plaintiff was walking·was and is a public street or highway in the city of Montgomery, Alabama. And then and there, while so walking, the plaintiff was suddenly precipitated or fell down a steep embankment into a deep cut or ravine, which passes underneath said bridge, and thereby and as a proximate result thereof the plaintiff was rendered unconscious for a considerable time, his nervous system was greatly shocked and injured, his body and face were severely cut, lacerated, bruised, and injured, he was internally injured,·he was permanently injured, he was made sick, sore, and lame, his left arm was broken in two places, his right arm, wrist, or hand was broken, sprained, and permanently injured, and he suffered and continues to suffer great mental anguish and physical pain, for all of which he claims damages as aforesaid. And plaintiff avers that said injuries were proximately caused by the defendants' neglect, carelessness, or failure to remedy a defect in said street or sidewalk, after the same had been called to the attention of the board of commissioners of the city of Montgomery, Alabama, or after the same had existed for such an 'unreasonable length of time as to raise a presumption of knowledge thereof on the part of said board of commissioners; said defect consisting of the fact that said cut or ravine was in or across, or in close and dangerous proximity to, said street or highway at said place in an unguarded condition, and thereby said street or highway was not in a reasonably safe condition for travelers. And plaintiff avers that he, within six months after said injuries, filed with the clerk of the city of Montgomery, Alabama, a sworn statement, stating substantially the manner in which the said injuries were received, and the day and time and place where the accident occurred and the damages claimed."

Count 3: "Plaintiff claims of the defendants ten thousand ($10,000.00) dollars as damages, for that on, to wit, the 14th day of January, 1921, the plaintiff was walking along Bell street at a place about fifty (50) feet west of Dickerson street, just at or off the southeast corner of Bell Street bridge, at a place immediately adjoining this track and trestle used by Ray Rushton, receiver of the Montgomery Light & Traction Company, and within eighteen inches of one of the rails of said track, which said street and place where plaintiff was walking was and is a public street or highway in the city of Montgomery, Alabama. And then and there, while so walking, the plaintiff was suddenly precipitated or fell down a steep embankment into a deep cut or ravine which passes underneath said bridge, and thereby and as a proximate result a consequence thereof the plaintiff was rendered unconscious for a considerable time, his nervous system was greatly shocked and injured, his body and face were severely cut, bruised, and injured, he was internally injured, he was permanently injured, he was made sick, sore, and lame, his left arm was broken in two places, his right arm, wrist, or hand was broken, sprained, and permanently injured, and he suffered and continues to suffer great mental anguish and physical pain, for all of which he claims damages as aforesaid. And plaintiff avers that the defendants negligently allowed a defect to be and remain in said street at said point; said defect consisting of the fact that said cut or ravine was in or across, or in close and dangerous proximity to, said street or highway at said place in an unguarded condition, and thereby said street or highway at said point was not in a reasonably safe condition for travel. And plaintiff avers that he, within six months after said injuries, filed with the clerk of the city of Montgomery, Alabama, a sworn statement, stating substantially the manner in which the said injuries were received and the day and time and place where the said accident occurred, and the damages claimed."

The following charges were given at the instance of the plaintiff:

(1) "It was the duty of the city of Montgomery to keep its public streets in a reasonably safe condition for the travel by night as well as by day, and this duty extended the entire width of the street."

(2) "Municipal corporations are due the traveler upon their public thoroughfare the duty of keeping those thoroughfares to the full width thereof in a reasonably safe condition for travel by night as well as by day."

(3) Practically the same as 2.

(4) "The plaintiff had a right to presume, in the absence of knowledge to the contrary, that the city had performed its duties, and that the street was reasonably free from defects."

The following charges were refused to the defendant:

(F) "Should the jury find from the evidence that plaintiff's injuries were caused by a fall from the trestle, or from that portion of the street maintained by the street railway company, then they cannot return a verdict against the city of Montgomery alone."

(E) "If the jury find from the evidence that plaintiff's injuries were received while he was walking or standing on that portion of the bridge or street maintained by the street rail-

way, then they cannot return a verdict against the city of Montgomery alone."

Ludlow Elmore, of Montgomery, for appellant.

Counts 2 and 3 were subject to the demurrers interposed. Section 1273, Code 1907; 8 Ala. App. 523, 62 South. 476; 187 Ala. 525, 65 South. 542; 110 Ala. 198, 20 South. 325; 150 Ala. 364; 43 South. 579; 109 Ala. 614, 19 South. 981; 97 Ala. 240, 12 South. 88; 200 Ala. 111, 75 South. 489; 72 Ala. 411, 47 Am. Rep. 422. The terms of the ordinance granting the franchise were not abrogated by section 1269, Code 1907, and it was admissible to determine the liability of the traction company. Sections 1273, 1274, Code 1907; section 22, Const. 1901; 79 Ala. 465, 58 Am. Rep. 615. The court erred in directing a verdict for the codefendant. 202 Ala. 681, 81 South. 637; 203 Ala. 487, 83 South. 471; 202 Ala. 583, 81 South. 85; 194 Ala. 175, 69 South. 601; 166 Ala. 482, 52 South. 86; 193 Ala. 658, 69 South. 102; 196 Ala. 670, 72 South. 305. The court erred in declining to charge the jury as to contributory negligence. 203 Ala. 487, 83 South. 471; 199 Ala. 514, 74 South. 451; 199 Ala. 698, 74 South. 1005; 16 Ala. App. 565, 80 South. 139. The court erred in giving the charges requested by the plaintiff. 201 Ala. 251, 77 South. 841; 201 Ala. 534, 78 South. 888; 16 Ala. App. 5, 74 South. 841; 16 Ala. App. 588, 80 South. 162; 199 Ala. 514, 74 South. 451; 153 Ala. 157, 45 South. 177; 200 Ala. 97, 75 South. 476.

Hill, Hill, Whiting & Thomas, of Montgomery, for appellee.

The complaint was sufficient. 205 Ala. 590, 88 South. 751; 187 Ala. 525, 65 South. 542; 113 Ala. 360, 21 South. 366; 165 Ala. 387, 51 South. 343; 175 Ala. 90, 56 South. 723; 169 Ala. 177; 52 South. 937. The ordinances were properly excluded, but in fact cannot be considered in the present state of the record. 3 Corp. Jur. 750; 197 Ala. 555, 73 South. 30. The court was not in error in refusing to charge on contributory negligence, as there was no evidence to sustain the charge. 105 Ala. 176, 16 South. 576; 73 South. 406; 195 Ala. 362, 70 South. 634. However, the defendant had the advantage of this in requested charges given at his instance. 198 Ala. 5, 73 South. 387; 88 South. 831; 3 C. J. 850. The error, if any, in directing the verdict for the codefendant, cannot be taken advantage of here, as it appears from the record that it does not contain all the evidence. 205 Ala. 204, 87 South. 796; 203 Ala. 62, 82 South. 22; 201 Ala. 452, 78 South. 830; 132 Ala. 372, 31 South. 472; 161 Ala. 292, 49 South. 909. Counsel discuss the charges, but without further citation of authority.

GARDNER, J. Appellee, a young man 18 years of age, enlisted in the army, and in January, 1921, while en route to the aviation camp, at which he had been stationed, fell into a railroad cut, which crosses the highway in the city of Montgomery known as Bell street. Upon filing claim with the city authorities, the name of the receiver of the Montgomery Light & Traction Company was furnished to the plaintiff by the city, and such receiver was joined as a defendant in the suit.

There is a bridge across this cut, but its width does not equal that of the street, leaving a space of about 4 feet between the street car trestle and the railing of the foot passage bridge. This space was unguarded. The accident occurred at night, and the evidence is without dispute that at the place of the accident it was dark; the arc light at that end of the bridge not burning.

The evidence for the plaintiff tended to show that, while walking along the street toward the aviation depot, he stepped into this open space and received very serious injuries. He had never been in the city of Montgomery before, and, indeed, any city of this size. He had reached the city just the day before the accident, and the evidence is without conflict that he was wholly ignorant of this defect in the street, and knew nothing of the danger. There was no contention that the plaintiff was drinking, or that he was otherwise than entirely normal.

Upon the conclusion of the evidence the affirmative charge was given in favor of the receiver defendant, and there was a verdict against the city in the sum of $2,000, and from the judgment rendered thereon the city prosecutes this appeal.

[1] The cause was tried upon counts 2 and 3, the plea of general issue and contributory negligence. Count 2 was not subject to the demurrer interposed thereto. It bears close analogy to, if indeed it is not a substantial copy of, the count considered in City of Montgomery v. Moon, 205 Ala. 590, 88 South. 751. As to the third count, it is objected that it failed to aver notice to the municipality of a defect in the street, or an averment of its existence for such period as to presume knowledge. The allegation of count 3 in this respect is "that defendants negligently allowed a defect to be and remain in said street at said point." It was held in Lord v. City of Mobile, 113 Ala. 360, 21 South. 366, that such an averment imports that the defect had existed sufficiently long to have been discovered and remedied by the exercise of due care on the part of defendant.

[2] On motion of the city, the court and jury went to the scene of the accident and viewed the place where plaintiff fell. The jury was thus afforded an opportunity for information material for a proper consideration of this cause that is not now presented to this court, and under the authorities the court is not in position to review the pro-

priety of the giving of the affirmative charge in favor of the defendant receiver. Bellingrath v. Anderson, 203 Ala. 62, 82 South. 22; Ala. Power Co. v. Fergusen, 205 Ala. 204, 87 South. 796; Warble v. Sulzberger, 185 Ala. 603, 64 South. 361.

The defendant city of Montgomery offered two certain ordinances, to the introduction of which plaintiff offered no objection. The defendant receiver, however, interposed objection, which was sustained, and the action of the court in sustaining these objections is assigned as error. The ordinances could only be relevant as affecting the receiver of the traction company, and, should they have been admitted, for the reason above noted, this court would still not be in position to review the action of the court below in giving the affirmative charge for such defendant. Under these circumstances, it becomes unnecessary to consider the admissibility of these ordinances, as in no event could a decision of that question affect the cause upon this appeal.

[3] Another assignment of error is rested upon the failure of the court in the oral charge to instruct the jury upon the law of contributory negligence. It has been held by this court that such failure cannot be the basis for a reviewable question on appeal. The remedy is to request special written instructions. McPherson v. State, 198 Ala. 5, 73 South. 387. It might be added, also, that such special instructions were requested and given, and in answer to the exception of counsel the court orally instructed the jury as to what constitutes contributory negligence.

[4-6] The charges given at the plaintiff's request are supported by the language found used in the following authorities: Huntsville v. Phillips, 191 Ala. 529, 67 South. 664; Birmingham v. Tayloe, 105 Ala. 178, 16 South. 576; Vance v. Morgan, 198 Ala. 149, 73 South. 406; City of Montgomery v. Supple, 16 Ala. App. 565, 80 South. 139; City of Montgomery v. Reese, 146 Ala. 410, 40 South. 760. If the language of any of these charges needed explanation under the facts of this particular case, this would render them misleading only, as the general principles therein announced are recognized as correct.

[7] It is objected that charge 4, given at the request of plaintiff, assumes a want of knowledge of the defect on plaintiff's part. The assumption was entirely justified under the uncontradicted evidence in the case.

Charges 1, 2, and 3, given at the request of the plaintiff, state the general rule, as shown by the foregoing authorities; but it is suggested that such general rule does not extend to those portions of the street set apart for and used for railroad tracks not flush with the surface of the street. As we read the record, however, it shows that the street car track and rails were even with the street, and form a part thereof.

[8] Charges F and E, requested by the defendant, were properly refused. They instructed against a judgment against the city alone under certain conditions, and in view of the fact that the affirmative charge had been given in favor of the defendant receiver, such a charge would have been equivalent to the affirmative charge for the city under the hypothesis therein stated.

[9] Under the evidence here, a case of initial negligence on the part of some third person disconnected with the city was not presented. If the defendant receiver was guilty of any negligence at all (a question, as above stated, we are not in position to review), it would not have been an initial wrongdoer, but at most only jointly and co-operatively negligent with the city, and the statute (sections 1273, 1274, Code) would be without application. City of Birmingham v. Carle, 191 Ala 539, 68 South. 22, L. R. A. 1915E, 797.

Finding no error in the record, the judgment will accordingly be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.