**SHAW v. STATE.    (6 Div. 243.)\***

(Court of Appeals of Alabama.  Jan. 22, 1924.
Rehearing Denied Feb. 19, 1924.)

1. **Criminal law** ⟨key⟩**829(16)—Refusal of requested charge, substantially covered by the court's general charge, held not reversible error.**

Refusal of requested charge that "if the jury believed from the evidence that the evidence of a witness was willfully and maliciously false, as to any material part of his said testimony, then the jury might disregard all of his testimony and find the defendant not guilty," *held* not reversible error, under Gen. Acts 1915, p. 815, in view of a part of the court's general charge substantially covering the same rule of law.

2. **Criminal law** ⟨key⟩**789(14)—Requested charge as to degree of proof held argumentative.**

Requested charge that, although the evidence might tend to throw suspicion upon defendant, yet the law did not allow a person to be convicted on mere suspicion, and the only basis for a conviction was that the guilt of the defendant must be shown by the evidence beyond a reasonable doubt and to a moral certainty, *held* properly refused as argumentative, especially when fully covered by the oral charge.

Appeal from Circuit Court, Cullman County; James E. Horton, Jr., Judge.

Ruf Shaw was convicted of unlawfully possessing a still and appeals. Affirmed.

Brown & Griffith, of Cullman, for appellant.

The first charge, refused to defendant, states a correct proposition of law, and should have been given. 5 Mayfield's Dig. 34; Jackson v. State, 136 Ala. 22, 34 South. 188. The refusal of defendant's requested charge 2 was reversible error. Spelce v. State, 17 Ala. App. 401, 85 South. 835; Moon v. State, ante, p. 176, 95 South. 830; Clark v. State, 18 Ala. App. 217, 90 South. 16; Guin v. State, ante, p. 67, 94 South. 788; Hammons v. State, 18 Ala. App. 470, 92 South. 914; Fillmore v. State, 18 Ala. App. 334, 92 South. 94; Seigler v. State, ante, p. 135, 95 South. 563; Hanson v. State, ante, p. 249, 96 South. 655.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J.  On the trial of this defend-

ant many written charges were requested, some of which were given and some refused. As to those refused, only two are insisted upon as error. We have examined the other refused charges and find that the court was justified in refusing each of them; the reasons being so apparent as not to require a detailed discussion.

[1] As to the refused charges insisted on as error, the first is:

"If the guilt of the defendant depends upon the testimony of the witness Willoughby, and the jury believe from the evidence that the evidence of said witness was willfully and maliciously false, as to any material part of his said testimony, then the jury may disregard all of the testimony of the said witness Willoughby, and find the defendant not guilty."

This charge has been approved in Jackson's Case, 136 Ala. 22, 34 South. 188; Montgomery's Case, 16 Ala. App. 565, 80 South. 139, and authorities there cited.  But the court in its oral charge instructed the jury:

"If you should believe any witness has willfully sworn falsely to any material fact in this case, you are at liberty to disbelieve the testimony of that witness in part or altogether, or you may believe part and reject part, taking into consideration all of the facts and circumstances of the case."

It therefore appears that the same rule of law was substantially and fairly given to the jury in the court's general charge.  For that reason the refusal of charge 1 as requested by defendant is not reversible error. Acts 1915, p. 815; Lawman v. State, 18 Ala. App. 569, 93 South. 69.

[2] Charge 2:

"Although the evidence offered by the state may tend to throw suspicion about and around the defendant, yet the law does not allow a person charged with crime to be convicted on mere suspicion, and the only basis for a conviction in this case is that, the guilt of the defendant must be shown by the evidence beyond a reasonable doubt and to a moral certainty,"

is argumentative and for that reason was bad.  Moreover, it is a charge on the burden of proof, which had been fully covered in the oral charge and the given written charges.

The evidence is in such conflict as not to warrant this court in holding that the trial court erred in overruling the motion for new trial.

We find no error in the record, and the judgment is affirmed.

Affirmed.