(108 So. 634)

## CITY OF ANNISTON v. DODD.
### (7 Div. 233.)

(Court of Appeals of Alabama. May 25, 1926.)

1. **Municipal corporations** ⊚⇒818(11)—**Repairs after injury could not be considered as admission of defect in street before injury, and instruction that it might held prejudicial.**

In action against city for injuries caused by defect in street, making of repair after injury could not be considered as admission of defect in street before injury, and instruction that it might be so considered with all the testimony was prejudicial error.

2. **Municipal corporations** ⊚⇒764(3)—**Municipality owes traveler duty of keeping thoroughfares to full width in reasonably safe condition by night as well as day.**

In action against city for injuries caused by defect in street, charges that municipal corporations owed traveler duty of keeping public thoroughfares to full width in reasonably safe condition for travel by night as well as day, and that it was defendant's duty to keep its public streets in such condition, were properly given.

Appeal from Circuit Court, Calhoun County; R. B. Carr, Judge.

Action by C. J. Dodd against the City of Anniston and another. From a judgment for plaintiff, defendant City appeals. Reversed and remanded.

Charges 1 and 3, given for plaintiff, are as follows:

"(1) The court charges the jury that municipal corporations are due the traveler upon their public thoroughfare the duty of keeping those thoroughfares to the full width thereof in a reasonably safe condition for travel by night as well as by day."

"(3) The court charges the jury that it was the duty of the city of Anniston to keep its public streets in a reasonably safe condition for the travel by night as well as by day, and this duty extended the entire width of the street."

James F. Matthews, of Anniston, for appellant.

The oral charge of the court, to the effect that the jury might take into consideration, as an admission of negligence, the fact that repairs were made after the alleged injury, was erroneous. Code 1923, § 9507; Morrison v. State, 151 Ala. 115, 44 So. 150; White v. State, 111 Ala. 92, 21 So. 330; Postal Tel. Co. v. Brantley, 107 Ala. 683, 18 So. 321; Jacobs v. State, 146 Ala. 103, 42 So. 70; Mayer v. Building Co., 116 Ala. 634, 22 So. 859; Bessemer Co. v. Jenkins, 111 Ala. 136, 18 So. 565, 56 Am. St. Rep. 26; Morris v. Hall, 41 Ala. 510; 29 Cyc. 615; 28 Cyc. 1492; Going v. Ala. Steel Co., 141 Ala. 537, 37 So. 784; Davis v. Kornman, 141 Ala. 479, 37 So. 789; L. & N. v. Malone, 109 Ala. 509, 20 So. 33. Given charges 1 and 3 for plaintiff were erroneous, in making defendant an insurer. Montgomery v. Ross, 195 Ala. 363, 70 So. 634; Bessemer v. Whaley, 187 Ala. 525, 65 So. 542; 2 Dillon on Mun. Corp. (4th Ed.) §§ 1015, 1697, 1706; 28 Cyc. 1358. The question of defendant Parker's liability should have been submitted to the jury. Code 1923, §§ 2029, 2030. Exception to the oral charge was properly taken. Wade v. State, 14 Ala. App. 130, 72 So. 269.

Merrill, Field & Allen, of Anniston, for appellee.

It must affirmatively appear from the record that exception to the oral charge was duly reserved before the jury retired, in order to put the court in error for giving such charge. Wade v. State, 14 Ala. App. 130, 72 So. 269; C. of Ga. v. Courson, 186 Ala. 155, 65 So. 179; Donahoo v. Tarrant, 1 Ala. App. 446, 55 So. 270. The court may state to the jury the law in the case, and may also state the evidence when same is disputed. Code 1923, § 9507; Tidwell v. State, 70 Ala. 33. Evidence that a defect or obstruction in a highway causing injury was repaired after the accident is admissible. 13 R. C. L. 506; 28 Cyc. 1492. Charges 1 and 3 given for plaintiff correctly state the law. Montgomery v. Ferguson, 207 Ala. 430, 93 So. 4; Montgomery v. Supple, 16 Ala. App. 565, 80 So. 139. The affirmative charge was properly given for defendant Parker an agent of the municipality. Birmingham v. Carle, 191 Ala. 539, 68 So. 22, L. R. A. 1915F, 797; Bloom v. Cullman, 197 Ala. 490, 73 So. 85; Montgomery v. Ferguson, supra; Birmingham v. Shirley, 209 Ala. 305, 96 So. 214.

RICE, J. This was a suit by appellee against appellant and one Parker (street superintendent of appellant city), claiming damages on account of injuries suffered as the proximate result of the negligence of the appellant in allowing or permitting a defect in one of its streets. From the judgment in his favor against the city, this appeal is prosecuted.

A discussion of the evidence would not be helpful.

[1] Upon a reasonable construction of the bill of exceptions, it sufficiently appears that appellant duly reserved an exception to the following portion of the trial court's oral charge to the jury:

" * * * That a party who makes a repair or a corporation who makes a repair after injury, that may be taken into consideration by you as a circumstance of an admission that there was a defect in the street before the injury, on the theory that a party just after an injury makes a repair or corrects a matter, that that may be taken into consideration by you, together with all the testimony in the case, as an admission." Wade v. State, 14 Ala. App. 130, 72 So. 269 (opinion on rehearing).

The part of the oral charge quoted stated an incorrect proposition of law, and its giving was prejudicial error—not cured by the other parts of the said oral charge, or by any written charges given to the jury. Collins v. Mobile & Ohio R. R. Co., 210 Ala. 234, 97 So. 631 (on rehearing), and authorities therein cited.

[2] Charges 1 and 3 requested in writing by appellee were each properly given to the jury. City of Montgomery v. Ferguson, 207 Ala. 430, 93 So. 4.

There was no error in giving the general affirmative charge in favor of the defendant Parker. City of Montgomery v. Ferguson, supra.

For the error pointed out, let the judgment be reversed and the cause remanded.

Reversed and remanded.