69 So.2d 682

## McMURPHY v. PIPKIN.

### 3 Div. 660.

Supreme Court of Alabama.

Jan. 14, 1954.

Broox G. Garrett, Brewton, for appellant.

204

McMillan, Caffey & McMillan, Brewton, for appellee.

GOODWYN, Justice.

Action by appellee, plaintiff below, to recover damages for personal injuries allegedly sustained by her as the result of negligence of an employee of appellant, defendant below, in creating an obstruction on a public sidewalk. There was a jury verdict in favor of defendant. The plaintiff filed a motion to set aside the verdict and the judgment rendered thereon, and to grant her a new trial. This appeal is from the judgment granting said motion.

There were thirteen grounds assigned in support of the motion. The trial court, however, in granting the motion, did not specify the ground or grounds on which it was granted. Therefore, if we should find that it was justified upon any of the grounds assigned, the action of the trial court must be here affirmed. Ford v. Sellers, 257 Ala. 404, 405, 59 So.2d 799; Birmingham Electric Co. v. Toner, 251 Ala. 414, 419, 37 So.2d 584; American Mut. Liability Ins. Co. v. Louisville and N. R. Co., 250 Ala. 354, 361, 34 So.2d 474; Lindsay Products Corporation v. Alabama Securities Corporation, 247 Ala. 662, 663, 25 So.2d 852.

The complaint alleges that "the plaintiff was walking in a southerly direction on the paved sidewalk of South Main Street in the City of Atmore, Escambia County, Alabama, said sidewalk being a public thoroughfare in said city; that when she reached a point on said sidewalk opposite and adjacent to 'The Sweet Shop', a restaurant operated by Will J. Sharpless, one William Stotts, an agent, servant or employee of the defendant W. J. McMurphy and who was then and there acting in the scope of his employment and in the line of his duties on behalf of McMurphy's Dairy, suddenly, negligently and with great force opened a screen door which opened outwardly from said Sweet Shop on to said sidewalk and thereby caused said screen door to strike the plaintiff with such force as to knock her off of said sidewalk and cause her to fall to the street which is at a level considerably below said sidewalk and to suffer the injuries hereinafter set out."

The defendant interposed to the complaint the following plea:

"4X. That the Plaintiff was guilty of negligence which contributed to her injury for in this, that at the time the plaintiff approached the door to the Sweet Shop the same was open and visible for a sufficient length of time to enable her to observe said obstruction, and the plaintiff then and there was engaged in opening or closing an umbrella and walked into said door, which by the use of due care, she would have observed and could have avoided, and thus suffered the injuries complained of."

Plaintiff demurred to this plea on the following grounds: that "no facts are set out showing that there existed any danger which the plaintiff was negligent in not apprehending"; that "said plea seeks to fasten upon the plaintiff a duty to see that a sidewalk is safe for travel"; that "a pedestrian may presume that a sidewalk is safe for travel and is not under the duty to see that the way is clear and unobstructed"; that "it is not averred how long said sidewalk had been obstructed or what opportunity the plaintiff had to observe same"; and that "it is not negligence on the part of a pedestrian lawfully using a public sidewalk to fail to look for danger where there is no reason to apprehend same."

As we understand it, and as argued by counsel for plaintiff, the complaint charges the defendant with negligence in creating an obstruction on a public sidewalk which caused the plaintiff, a pedestrian, to be injured. Defendant's plea 4X sets up as a defense, in avoidance of the charged negligence, that the plaintiff was guilty of contributory negligence. Plaintiff's demurrer challenged the sufficiency of this plea; and the question is, Did the court err in overruling the demurrer? Our view is that the demurrer was well taken and should have been sustained. Accordingly, since the overruling of the demurrer was one of the grounds assigned in support of the motion for a new trial, we will not disturb the action of the trial court in granting said motion.

 A pedestrian traveling upon a public sidewalk may assume that it is in a proper condition for public travel, and is not required to be on the lookout for defects or obstructions; and in the absence of notice of the presence of a defect or obstruction, or notice of facts sufficient to put a man of ordinary care and prudence on the lookout, he cannot be guilty of contributory negligence if injured by the defect or obstruction. City of Birmingham v. White, 242 Ala. 211, 214, 5 So.2d 464; Great Atlantic & Pacific Tea Co. v. Miller, 229 Ala. 313, 314, 156 So. 834; City of Decatur v. Gilliam, 222 Ala. 377, 379, 133 So. 25; Walker County v. Davis, 221 Ala. 195, 197, 128 So. 144; City of Birmingham v. Edwards, 201 Ala. 251, 255, 77 So. 841; City of Montgomery v. Ross, 195 Ala. 362, 365, 70 So. 634; Mayor and Aldermen of Birmingham v. Tayloe, 105 Ala. 170, 177, 178, 16 So. 576. But, as stated in City of Birmingham v. Smith, 241 Ala. 32, 36, 200 So. 880, 882, "such assumption only protects those who are in the exercise of such ordinary care at the time as the situation on the whole would lead a reasonably prudent man to observe in respect to conditions immediately ahead." The principle is thus stated in Berry v. Dannelly, 226 Ala. 151, 154, 145 So. 663, 665:

"While, as a general rule, a traveler on a public highway who has no knowledge of an obstruction on the highway, or knowledge of facts and circumstances sufficient to put him on notice, has the right to assume that it is clear of permanent or semipermanent obstructions (Morgan Hill Paving Co. v. Fonville, 218 Ala. 566, 119 So. 610; City of Huntsville v. Phillips, 191 Ala. 524, 67 So. 664), yet we know of no rule of law or logic that justifies him in assuming that such highway is not occupied by other vehicles or travelers, and he is under legal duty to use the care of an ordinarily prudent man to avoid collision with others exercising their lawful rights in the use of the highway. (St. Louis-San Francisco R. Co. v. Guthrie, 216 Ala. 613, 114 So. 215, 56 A.L.R. 1110)."

Rule 37, Rules of Practice in the Circuit and Inferior Courts of Common Law Jurisdiction, Code 1940, Tit. 7, Cumulative Pocket Part, provides as follows:

"In pleading contributory negligence no greater particularity of averment as respects the acts, omissions, conduct or behavior relied on as constituting contributory negligence is required than is required in averring, in a complaint, the acts, omissions, conduct or behavior relied on as constituting negligence. A plea of contributory negligence shall be interpreted as charging contributory negligence subsequent to discovery of peril to the same extent that an averment of negligence in a complaint, of

206

the same tenor as the averment of contributory negligence in the plea, would be interpreted as charging negligence subsequent to discovery of peril."

It is insisted by defendant that plea 4X meets the requirements of this rule. This court, however, in Pankey v. City of Mobile, 250 Ala. 566, 569, 35 So.2d 497, 499, in discussing Rule 37, had this to say:

"The scope and purpose of Rule 37 was and is to relax the requirement of the rule of particularity established by the former decisions and to substitute therefor the more liberal rule applicable to pleading a cause of action for personal injury in the complaint based on negligence which, to state its general effect, is that *facts* must be averred showing a duty owed by defendant to plaintiff followed by a general averment of negligence as proximately causing the injury. Mobile & Ohio R. R. Co. v. George, 94 Ala. 199, 10 So. 145; Smith v. Tripp, 246 Ala. 421, 20 So.2d 870; City of Birmingham v. Wood, 240 Ala. 138, 197 So. 885.

"As applied to a plea of contributory negligence in a case such as the one at bar such plea must aver *facts* imposing on the planitiff a duty to avoid the defect or pitfall, showing a reasonably safe way of travel to that end, followed by a general averment of negligence on the part of the plaintiff and that such negligence proximately contributed to plaintiff's injury and damage." [Emphasis supplied.]

Plea 4X is lacking in the essentials of a plea of contributory negligence. It alleges neither knowledge on the part of the plaintiff of the obstruction, nor notice to the plaintiff of facts sufficient to put a person of ordinary care and prudence on the lookout; hence it was subject to the demurrer.

The action of the court in granting the motion for a new trial is due to be, and is, affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and CLAYTON, JJ., concur.