105 So.2d 121

### Katie JACKS

v.

### CITY OF BIRMINGHAM.

6 Div. 209.

Supreme Court of Alabama.

June 5, 1958.

Rehearing Denied Sept. 25, 1958.

Hal W. Howard and D. G. Ewing, Birmingham, for appellant.

Shannon & Conerly, Sam R. Shannon, Jr., Birmingham, for appellee.

LAWSON, Justice.

Mrs. Katie Jacks sued the City of Birmingham to recover damages for personal injuries which she sustained on the morning of November 27, 1953, as a result of a fall into a ditch operated and maintained by the city for the purpose of draining surface waters.

To the amended complaint charging it with negligence, the city pleaded the general issue and contributory negligence in short by consent.

There was jury verdict in favor of the defendant city. Judgment was in accord with the verdict. Her motion for new trial having been overruled, the plaintiff has appealed to this court.

83rd Street and Fifth Avenue, South, referred to hereafter only as Fifth Avenue, are intersecting streets in the City of Birmingham. 83rd Street runs north and south and Fifth Avenue runs east and west.

The ditch into which plaintiff fell is approximately eight feet deep and ten feet wide. It runs parallel to and near the eastern boundary of the traveled portion of 83rd Street from approximately the northern boundary of Fifth Avenue to the southern boundary of Fourth Avenue to the north. The western bank of the dtich is not over two feet from the eastern bound-

ary of the traveled portion of 83rd Street and practically all, if not all, of the ditch is within the right of way of that street.

There is a sidewalk on the north side of Fifth Avenue which extends from the eastern curb line of 83rd Street on the west to the western curb line of 84th Street on the east. In her claim filed with the city, plaintiff averred that the paved part of the sidewalk was four feet in width. But one of plaintiff's witnesses testified that the paved sidewalk was eight feet wide. The open ditch begins at a point not over three feet north of the northern edge of the paved sidewalk on Fifth Avenue. It is not clear from the evidence as to whether any part of the open ditch is actually within the right of way of Fifth Avenue. Between the northern edge of the sidewalk on Fifth Avenue and the open ditch, the city had constructed what is sometimes referred to in the record as a guard rail and sometimes as a barrier. It was situated approximately equidistant between those two points. It consisted of one 2 x 6 plank, which was nailed or bolted to two posts situated about 12 feet apart. The plank was affixed to the posts at a point about two feet above the ground and ran approximately parallel to the sidewalk on Fifth Avenue. In answer to interrogatories propounded by the plaintiff, which interrogatories and answers were introduced in evidence by the plaintiff, the city stated that the guard rail was constructed "to warn of the presence of the ditch as well as to indicate the bounds of the area open for public travel," and that it was not intended as a support of persons and was not designed "to keep people from getting into the ditch."

On the day of the accident the plaintiff lived at 8418 Sixth Avenue, South, one block south and two or three blocks east of the intersection of 83rd Street and Fifth Avenue. She was familiar with the condition of that intersection and knew of the existence of the ditch, which she had seen over "hundreds of times" as she walked in a westerly direction on the sidewalk on

the north side of Fifth Avenue on her way to catch a bus at the northwest corner of the intersection. The ditch, as we have indicated, was near the northeast corner of the intersection where there was no bus stop.

According to the plaintiff, she fell into the ditch shortly after ten o'clock on the morning of November 27, 1953. One of her witnesses fixed the time of the fall as being in the afternoon, but the exact time is immaterial. Plaintiff had walked from her home carrying her seven-months-old grandchild and a bundle or package of baby clothes. She was accompanied by her nine-year-old grandson. She had planned to catch a south-bound bus at the northwest corner of the intersection of 83rd Street and Fifth Avenue. When she reached the northeast corner of the intersection at a point south of the open ditch, she stopped for traffic on 83rd Street.

The plaintiff was the only occurrence witness. Some of her testimony tends to show that the point where she stopped while she waited for the traffic was north of the sidewalk just a short distance south of the guard rail. Such is the location pointed out in the drawing which is in the record. In other parts of her testimony it appears that plaintiff was not certain as to whether she stopped on the northern edge of the sidewalk or between that point and the ditch. She faced north and placed her bundle or package on the ground. She remained there for several minutes holding the baby. Her testimony varies in respect to the length of time she remained at that point while she waited for traffic to pass. At one place she stated that she remained at that point not over three or four minutes, but later on in her testimony she said she was there between five and ten minutes before she fell. The plaintiff's testimony as to what actually caused her to fall is far from clear. She said that when she saw the bus coming down 83rd Street from the north, the direction she was facing, she reached for the package which she had placed on the

ground and "I raised back up, and when I did I came in contact and it broke with me and I fell in." The object with which she came in contact was the guard rail, which the evidence tends to show was not in a good state of preservation. There was evidence on behalf of the plaintiff going to show that it was almost rotten, while the city's answers to the interrogatories tend to show that it was not as decomposed as some of the plaintiff's witnesses claimed.

The plaintiff denied that she was sitting on the guard rail at the time she and the baby fell into the ditch, but there is some evidence from which the jury could have found that such was the case. We have reference to the picture of the guard rail introduced by the city and the following interrogatory and answer thereto: "Q. Is it a fact that said guard rail was broken? A. Yes, it appeared that some person or object had pushed the rail downward and broken it."

The appellant, the plaintiff below, does not contend that under the evidence presented she was entitled to an affirmative instruction. In fact, the record does not indicate that such an instruction was requested by the plaintiff.

The argued assignments of error relate to the trial court's action in giving certain written charges requested by the defendant and in overruling those grounds of plaintiff's motion for new trial which took the point, in effect, that the verdict "is not sustained by the great preponderance of the evidence." § 276, Title 7, Code 1940; Parker v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504.

 In general terms, the liability of a municipality in a suit of this kind is governed by the duty and obligation to exercise ordinary and reasonable care to keep its streets and sidewalks in a reasonably safe condition for travel. This imposition does not make the municipality a guarantor of the safe and unharmed travel to the public. The duty is based on the responsibility and accountability of the city to rem-

edy such defects upon receiving actual notice, or after the same has remained for such length of time and under such conditions and circumstances that the law will infer that the defect ought to have been discovered and remedied. § 502, Title 37, Code 1940; City of Bessemer v. Whaley, 187 Ala. 525, 65 So. 542; City of Birmingham v. Martin, 228 Ala. 318, 153 So. 235; City of Montgomery v. Ross, 195 Ala. 362, 70 So. 634; City of Birmingham v. Coe, 31 Ala.App. 538, 20 So.2d 110, certiorari denied 246 Ala. 231, 20 So.2d 113. The duty imposed extends the entire width of the street and one injured by a defect or obstruction outside the prepared part may still be entitled to recover, if the defect is so near the traveled part as to render its use unsafe. City of Bessemer v. Clowdus, 261 Ala. 388, 74 So.2d 259; City of Anniston v. Dodd, 21 Ala.App. 400, 108 So. 634. And it is the duty of the municipality to exercise reasonable and ordinary care to guard and protect excavations in such close proximity to streets and sidewalks as to endanger persons traveling on the street. City of Montgomery v. Wyche, 169 Ala. 181, 53 So. 786; City of Montgomery v. Moon, 208 Ala. 472, 94 So. 337.

■ There is no absolute duty upon a municipality to provide guard rails or barriers at or near an open ditch, sewer or drain unless the place is dangerous and alongside the street or sidewalk, which without such protection will render that way unsafe to travelers in the usual modes. City of Birmingham v. Cox, 230 Ala. 99, 159 So. 818.

■ Whether the ditch at the intersection of 83rd Street and Fifth Avenue was a dangerous place of a kind requiring a barrier or guard rail different from that which the city had constructed was a question of fact for the jury, as was the question of whether the city was negligent in permitting the guard rail to remain at its location in a bad state of preservation. City of Birmingham v. Smith, 241 Ala. 32, 200 So. 880; City of Birmingham v. Mauzey, 214 Ala. 476, 108 So. 382.

■ As we have heretofore stated, the duty on the part of the city was to exercise reasonable care to keep its streets and sidewalks in safe condition for travel. As to whether the city met that duty in regard to the ditch located near the intersection of 83rd Street and Fifth Avenue in the City of Birmingham was a matter for the jury's determination, as was the question of contributory negligence on the part of the plaintiff.

■■ In our opinion the verdict in favor of the defendant finds ample support in the evidence. The court and jury heard and saw the witnesses testify, and an examination of the record persuades us that this was a peculiar advantage upon the issue of fact for determination. Verdicts are presumed to be correct and no ground of a motion for new trial is more carefully scrutinized or more rigidly limited than that the verdict is against the evidence. And it has been recognized by this court that when the presiding judge refuses, as here, to grant a new trial, the presumption in favor of the correctness of the verdict is strengthened. Smith v. Smith, 254 Ala. 404, 48 So.2d 546; Mintz v. Millican, 266 Ala. 479, 97 So.2d 769. We cannot say that the trial court erred in overruling the motion for a new trial on the grounds that the verdict was contrary to the preponderance and great weight of the evidence, which grounds, as we have heretofore indicated, substantially charged that the verdict "is not sustained by the great preponderance of the evidence." § 276, Title 7, Code 1940.

■ The trial court did not err to a reversal in giving Charge A at the request of the defendant. § 659, Title 62, Code 1940; Cole v. City of Birmingham, 243 Ala. 561, 11 So.2d 148; Grambs v. City of Birmingham, 202 Ala. 490, 80 So. 874. If the plaintiff thought the charge misleading because it did not refer to the fact that plaintiff had filed two claims, both of which she introduced in evidence, she should have requested an explanatory charge. It is well settled that the giving

of a charge which merely has a tendency to mislead does not constitute error to reverse. City of Birmingham v. Jackson, 229 Ala. 133, 155 So. 527, and cases cited.

Defendant's Charge 16 stated a correct principle of law. City of Montgomery v. Ross, supra; City of Bessemer v. Whaley, supra; City of Birmingham v. Coe, supra; § 502, Title 37, Code 1940. If the charge can be said to be misleading in that it refers to "sidewalks, streets or alleys," while the ditch into which plaintiff fell was not within the traveled part of a street, sidewalk or alley, the plaintiff should have requested an explanatory instruction. While this charge states a mere abstract principle of law and could have been refused for that reason, the mere fact that it is abstract is not reversible error since it does not affirmatively appear that it worked injury to the plaintiff. The remedy is to request an explanatory charge. Bailey v. Tennessee Coal, Iron & R. Co., 261 Ala. 526, 75 So.2d 117.

The giving of Charge 23 at the request of the defendant does not work a reversal of this case. As before indicated, there was evidence, although slight, which would support an inference that plaintiff's fall resulted from the fact that she sat upon the guard rail or barrier. But the evidence is without dispute and the physical facts disclose that the rail or barrier was not provided as a seat or resting place.

Travelers on streets and sidewalks have a right to assume that the passage is safe for travel and no duty is imposed to keep a vigilant watch for unknown defects and obstructions which cannot be observed by the use of ordinary care. City of Montgomery v. Ferguson, 207 Ala. 430, 93 So. 4; City of Montgomery v. Ross, 195 Ala. 362, 70 So. 634; City of Decatur v. Gilliam, 222 Ala. 377, 133 So. 25. But such assumption only protects those who are in the exercise of such ordinary care at the time as the situation on the whole would lead a reasonably prudent man to observe in respect to conditions immediately ahead. McMurphy v. Pipkin, 260 Ala. 203, 69 So.2d 682; City of Birmingham v. Smith, 241 Ala. 32, 200 So. 880; Berry v. Dannelly, 226 Ala. 151, 145 So. 663. Defendant's given Charge 25 is in accord with the principle stated and it was not reversible error to give it. Anything to the contrary in City of Tuscaloosa v. Fair, 232 Ala. 129, 167 So. 276, is disapproved.

Charge 24 given at the request of the defendant may be subject to the criticism that it concludes that on the facts hypothesized "the law imposed on plaintiff the duty to avoid such defect." There are expressions in our cases to the effect that the duty on the plaintiff under the circumstances hypothesized was to use reasonable care or ordinary care to avoid the defect. Houston v. Town of Waverly, 225 Ala. 98, 142 So. 80; City of Decatur v. Gilliam, supra. This charge also refers to a defect in the sidewalk. But we are unwilling to say that because the charge is incomplete and perhaps misleading in the respects indicated a reversal should be ordered because it was given at the request of the defendant.

Charges 26, 27 and 32 state substantially the rule as to notice to the city prescribed in § 502, Title 37, Code 1940. See § 3591, Vol. 1, p. 564, Jones' Alabama Jury Instructions. Any misleading tendencies in these charges could have been corrected by explanatory charges.

What we said above in regard to defendant's given Charge 23 is equally applicable to given Charge 36.

The criticism directed at Charge 37 is that it is misleading and confusing. If the charge is subject to those vices, it was incumbent upon the plaintiff to request explanatory instructions.

Defendant's written Charge 42 was given without error. City of Birmingham v. Smith, 241 Ala. 32, 200 So. 880.

The issues under the evidence were simple and were clearly presented by the oral charge of the court. Although some of the charges given for the defendant were abstract and perhaps misleading, we can perceive no injury to the plaintiff in such instructions having been given to the jury. Ray v. Richardson, 250 Ala. 705, 36 So.2d 89.

On a review of the entire record in the light of the briefs and argument presented, we think the judgment should be affirmed and it is so ordered.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, MERRILL and COLEMAN, JJ., concur.